**BLOCK 145, LIMITED, Appellant,**

v.

**John W. PACE, Appellee.**

**BLOCK 145, LIMITED, Appellant,**

v.

**BANK OF the SOUTHWEST, Appellee.**

**Nos. A2652, B2653.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 3, 1981.

Rehearing Denied July 1, 1981.

Rhett G. Campbell, Morris, Campbell & Seikel, Houston, for appellant.

Franklin R. Navarro, Mike Melton, Houston, for appellee John W. Pace.

James C. Slaughter, Fulbright & Jaworski, Franklin R. Navarro, Mike Melton, Houston, for appellee Bank of the Southwest.

Before J. CURTISS BROWN, C. J., and JUNELL and MURPHY, JJ.

JUNELL, Judge.

This is the consolidation of two cases on appeal from an order suspending and abating all discovery proceedings and all further attempts to enforce collection of a judgment pending the entry of a final judgment in a bill of review proceeding seeking to set aside the subject judgment. Appeal is also taken from the dismissal in the same order of all writs of garnishment previously issued in the cause. Numerous procedural irregularities require reversal.

Although there was much confusion in the proceedings below, the record reflects that judgment for $165,000 plus interest at 9% was entered pursuant to a settlement agreement in a suit by appellant Block 145, Ltd. against appellee John W. Pace ("Pace") for deficiency of rental payments under a lease agreement (cause No. 933,-814). On December 31, 1979, appellant filed an application for writ of garnishment against Pace and appellee Bank of the Southwest, garnishee, in a garnishment action (cause No. 933,814D). Thereafter Pace filed a petition for bill of review under cause number 80–10269, attempting to set aside the judgment in cause No. 933,814, and requesting a temporary injunction to prevent appellant from enforcing the judgment in cause No. 933,814 until final hearing on the bill of review. The temporary injunction was denied by Judge John Ray Harrison, in whose court the bill of review had been filed. Various discovery motions in aid of enforcement of its judgment were on file in the main case (No. 933,814) in the 215th District Court, in response to which Pace filed a Motion for Protection and to Quash pending the outcome of the bill of review filed in the 151st Court. An order granting Pace's motion and denying appellant's was signed conditional upon bond being made by Pace in the amount of $100,000 to remain in effect during the pendency of the bill of review. Thereafter appellant complained of the authority to set bond and the insufficiency of the amount of such bond and renewed its motions for discovery. It was determined that the bond was in fact insufficient, the outstanding balance owed on the judgment being in excess of $147,-000, which the judge attempted to correct by requiring certain changes in the wording ·of the so-called supersedeas bond posted by Pace, but not in the amount of the bond. Upon posting of the amended supersedeas bond the court ordered all discovery proceedings of every nature in cause no. 933,-814 suspended and abated, as well as all discovery proceedings relating to the assets and liabilities of John W. Pace, and any other matters under Tex.R.Civ.P. 621a, together with all attempts to enforce collection of the judgment entered in cause No. 933,814, until a final judgment be entered in the bill of review pending in the 151st District Court (cause No. 80–01269). Additionally, the order dismissed "all writs of garnishment previously issued in this cause". The order was entered under cause No. 933,814, in which cause the discovery proceedings were pending. The garnishment proceeding was pending under a separate cause number, ancillary to the main case.

Although appellant enumerates fifteen points of error, he attacks the court's order on essentially three points: (1) that the bond posted by the appellee is unauthorized and insufficient to suspend the proceedings; (2) that enjoining further enforcement efforts and suspending discovery proceedings was error because the required elements

necessary to obtain a temporary injunction were not established and because such injunctive measures were in violation of Tex. Rev.Civ.Stat.Ann. art. 4646 which prevents injunctive action to stay execution of a judgment after the expiration of one year from the rendition of same; and (3) that dismissal of the garnishments was error because it was not supported by pleadings and was entered under the wrong cause number. We find it was error to enter the order for several reasons and, accordingly, reverse.

 Although referred to by the trial court as a supersedeas bond, the bond posted by Pace under the circumstances could only be a temporary injunction bond, although it fails to meet all the requirements of Tex.R.Civ.P. 684. It is not a supersedeas bond because the case is not on appeal. Tex.R.Civ.P. 364. It cannot be a replevy bond because Pace was not attempting to replevy the garnished property. Tex.R. Civ.P. 664. The order enjoins further enforcement of a judgment pending the outcome of the bill of review. Tex.R.Civ.P. 684 in effect on the date of the order required that before the issuance of such a temporary injunction, the applicant shall execute and file with the clerk a bond which, if the injunction applied for is to restrain the execution of a money judgment, shall be fixed in the amount of such judgment plus a reasonable amount to cover interest and costs. The bond posted by Pace was clearly inadequate in amount to satisfy Rule 684. The judgment, dated January 1, 1971, was in the amount of $165,000 plus costs and interest at 9% per annum. After a $65,000 credit on October 1, 1979, the balance due is in excess of $150,000. The bond is inadequate by at least $50,000.

Additionally, Tex.Rev.Civ.Stat.Ann. art. 4646 expressly provides that no injunction to stay execution upon any valid and subsisting judgment shall be granted after the expiration of one year from the rendition of such judgment, unless it be made to appear that an application for such injunction had been delayed in consequence of the fraud or false promises of the plaintiff in the judg-

ment, practiced or made at the time, or after rendition of such judgment or unless for some equitable matter or defense arising after the rendition of the judgment. Pace has failed to show the occurrence of any of these exceptions. He asserts as the basis for his bill of review that his former attorney representing him at the time of the judgment entered into the settlement agreement without his permission but with the knowledge of the plaintiff, which allegation falls far short of alleging fraud on the part of the plaintiff. It was error to enjoin enforcement of the judgment.

 In the order the court also dismissed "all writs of garnishment previously issued in this cause." Appellant asserts the court had no authority to dismiss the garnishment with no pleading to support such action. We agree. Garnishment being a species of attachment and, therefore a summary proceeding, the statute governing it should be followed with strictness. *Citizens' Nat. Bank v. Pollard*, 31 S.W.2d 508 (Tex.Civ. App.—Waco 1930, no writ). No provision is made for the court to dismiss a writ of garnishment on its own motion, Tex.R. Civ.P. 664a requires that a sworn written motion be filed and, after reasonable notice to the plaintiff, a prompt hearing on the motion, before the court may vacate, dissolve or modify a writ of garnishment, There was no such motion filed here, and the court was without authority to take such action on its own motion. Regardless of the cause number under which the order was entered, it was error to dismiss the garnishments under these circumstances.

The order of the trial court is reversed and the cause remanded for further proceedings.