ETTER'S WELDING, INC., Appellant,

v.

The GAINESVILLE NATIONAL BANK OF GAINESVILLE, Appellee.

No. 2-84-202-CV.

Court of Appeals of Texas,
Fort Worth.

April 4, 1985.

Nall, Stagner & Pelley and Michael Wynne, James R. Fry, Sherman, for appellant.

Sullivant, Meurer & Woodlock and Jerry W. Woodlock and D. Keith Orsburn, Gainesville, for appellee.

Before BURDOCK, JOE SPURLOCK, II, and HILL, JJ.

## OPINION

HILL, Justice.

Etter's Welding, Inc. appeals from a default judgment taken against it by The Gainesville National Bank of Gainesville, upon a suit brought by the bank on a promissory note and for foreclosure on certain security agreements, against Etter's Welding, Inc. and Russell W. Etter, individually. Russell W. Etter filed an answer and obtained a stay from the bankruptcy court and no judgment has been taken against him.

We dismiss for lack of jurisdiction because the default judgment against Etter's Welding, Inc. is an interlocutory default judgment, not a final judgment.

The general rule, with certain exceptions not applicable here, is that an appeal may only be prosecuted from a final judgment and that to be final a judgment must dispose of all issues and parties in a case. *North East Independent School District v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966); *Parks v. Huffington*, 616 S.W.2d 641 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

The judgment in this cause does not make any disposition of the pending claim against Russell W. Etter individually, and there is nothing in the record to show that there was any severance of the two claims. It is therefore an interlocutory judgment which is not appealable. *See* Pohl and Hittner, *Judgment by Default in Texas*, 37 Sw.L.J. 421, 432 (1983). Since this was not a case regularly set for trial on the merits, the inference of a disposition of the claim against Mr. Etter, as discussed in *North East Independent School District v. Aldridge*, 400 S.W.2d at 896–97, may not be made.

We dismiss this appeal for want of jurisdiction.