Thomas H. HOOD, Dr. O.N. Winniford and Frank S. McGee, Appellants,

v.

AMARILLO NATIONAL
BANK, Appellee.

No. 07–90–0158–CV.

Court of Appeals of Texas,
Amarillo.

March 12, 1991.

Rehearing Overruled March 12, 1991.

Charles A. Stephens, II, Canyon Lake and Lumpkin Barras Reavis & Bunkley, Michael S. Smiley, Amarillo, for appellants.

Stokes & Fields, P.C., Laurence A. Bransgrove, Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and POFF, JJ.

## ON MOTION FOR REHEARING

POFF, Justice.

Upon consideration of appellants' motion for rehearing, we withdraw the opinion and judgment dated December 19, 1990, and substitute the following. In doing so, we overrule appellants' motion for rehearing.

By two points of error, appellants Hood, Winniford, and McGee (Guarantors), seek review of the Trial Court's denial of injunctive relief. By injunction, they sought to prevent appellee, Amarillo National Bank (ANB), from "directly or indirectly attempting to execute the [j]udgment." In their first point of error, Guarantors contend the judgment in question was not a final judgment. In their second point, Guarantors contend that even if the judgment is final, it is not subject to execution. We will overrule the points of error and sustain denial of the injunction.

A detailed procedural history of the underlying cause would shed little light on the merits of this appeal.[1] We will, therefore, limit our discussion of the facts to those relevant to this appeal.

On October 16, 1986, each of the individual Guarantors, executed a guaranty agreement in favor of ANB to secure a loan to Pedernales Petroleum Corporation (Pedernales). The loan was also secured by certain collateral owned by Pedernales. Upon default, ANB sued and sought summary judgment on the note. After judgment was rendered against Pedernales and the Guarantors, but before the judgment was signed, Pedernales filed a voluntary petition in bankruptcy. Five days after entry of the judgment, "judgment *nunc pro tunc*," was entered.[2]

---

1. This prolonged and ongoing litigation is the result of trial, appellate, and post-judgment procedures by both parties which are somewhat unique and novel.

2. The judgments were entered on January 20, 1988 and January 25, 1988, respectively. We previously held that the judgments merged and constituted a final judgment. *See Pedernales Petroleum Corporation, et al., v. Honorable Jairl P. Dowell,* No. 07–88–0017–CV, (Tex.App.—Amarillo, February 17, 1988, original proceeding) (unpublished). This current appeal is a

In December 1988, ANB unsuccessfully attempted to execute on its judgment against Guarantors. In March 1990, ANB served Guarantors with notices to take depositions in aid of execution of the judgment. In response to the notices, Guarantors sought and obtained a temporary restraining order. Upon hearing, however, the court denied an injunction to further delay the taking of depositions. From that denial, this appeal was perfected.

■ In their first point of error, Guarantors contend the Trial Court erred in denying the injunction because the judgment in question is not final. Guarantors contend the judgment against Pedernales was not final due to the automatic stay in the bankruptcy proceedings. Guarantors further contend since no severance order was entered, the judgment is not final against them.

■ All parts of a judgment must be construed as a whole, harmonizing and giving effect to all that the Trial Court has written. *Point Lookout West v. Whorton,* 742 S.W.2d 277, 278 (Tex.1987). This Court has previously held that the judgments entered in this case merged all of the issues adjudicated at trial into a final judgment. *Pedernales Petroleum Corporation, et al., v. Honorable Jairl P. Dowell,* No. 07–88–0017–CV, (Tex.App.—Amarillo, February 17, 1988, original proceeding) (unpublished). The fact that Pedernales filed for bankruptcy after trial does not mean that the Trial Court had not resolved all disputed material issues relevant to the underlying cause of action. *See Warford v. Childers,* 642 S.W.2d 63, 66 (Tex.App.—Amarillo 1982, *no writ*).

The Trial Court expressly disposed of all the issues and parties relevant to the cause of action before the court, unlike *Etter's Welding, Inc. v. Gainesville National Bank of Gainesville,* 687 S.W.2d 521 (Tex. App.—Fort Worth 1985, *no writ*), wherein the Trial Court did "not make any disposition of the pending claim" regarding one of the parties involved. Likewise, Guarantors' reliance on *Teer v. Duddlesten,* 664 S.W.2d 702 (Tex.1984) and its progeny is misplaced. The judgment in this case disposed of both ANB's cause of action and the Guarantors' counterclaim. *Contra Chase Manhattan Bank, N.A. v. Lindsay,* 787 S.W.2d 51, 53 (Tex.1990, on motion for rehearing).

Appellants argue that the judgment entered by the Trial Court did not, in and of itself, dispose of all the issues and parties. Appellants support this argument by asserting that the Trial Court specifically held that any ruling against a bankrupt party was null and void. The pertinent portion of the judgment *nunc pro tunc* reads:

IT IS THEREFORE ORDERED that as to those defendants, if any, who initiated bankruptcy proceedings subsequent to the entry of summary judgment herein but prior to the Court's determination of reasonable attorney's fees to be assessed against Defendants, such proceedings, and any subsequent action taken by the Court shall be null and void and have no effect, but as to the remaining Defendants this Judgment shall become final and enforceable as hereinabove provided.

The key phrase in this clause is "such proceedings, and any subsequent action." Recognizing the effect of Pedernales' bankruptcy upon the hearing on attorney's fees and any subsequent action against Pedernales, the Trial Court denied recovery by ANB of attorney's fees against Pedernales. Otherwise, the judgment against Pedernales was to remain intact and was final. Additionally, the Trial Court ordered that the judgment, including attorney's fees, was final and enforceable against the remaining non-bankrupt defendants (Guarantors). Therefore, the judgment was final as to all defendants notwithstanding Pedernales' bankruptcy, and there existed no need for the Trial Court to sever the separate portions of the judgment.

■ In the Trial Court's final judgment, ANB was required to sell Pedernales' collateral before executing against the Guarantors. Guarantors argue that this requirement necessitated the Trial Court tak-

direct result of the inartfully drafted judgments

in this case.

ing further action when the bankruptcy court lifted the stay. We cannot agree that the requirement limiting ANB's right to execution effected the finality of the judgment. The first point of error is overruled.

■ By their second point, Guarantors argue that if the judgment is final, the "due order of execution" clause subjects the Guarantors to execution only to the extent of any deficiency remaining after the sale of the secured collateral. Guarantors contend that the sale of the secured collateral is a condition precedent to ANB's right to execute against the Guarantors. Guarantors argue that since the collateral has not been sold, the Trial Court under its general supervisory powers over its process, has the power temporarily to stay execution of its judgment whenever necessary to accomplish the ends of justice. *Fairbanks, Morse & Co. v. Carsey*, 109 S.W.2d 985, 990 (Tex.Civ.App.—Dallas 1937, *writ dismissed*). With this pronouncement few could disagree. We agree that the "due order of execution" clause limits ANB's right of execution.

The power to stay execution of judgment is limited, however, by § 65.014 of the Tex. Civ.Prac. & Rem.Code Ann. (Vernon 1986). § 65.014 creates a general one year statute of limitations on injunctive relief to stay the execution of a valid judgment. The affirmative defense of limitations was pleaded by ANB in its answer.

The record reflects the final judgment was entered January 25, 1988, and the petition for injunctive relief was filed March 15, 1990. More than two years had expired before the petition for injunctive relief was filed. Having failed to show the occurrence of any of the statutory exceptions provided in § 65.014, the Guarantors' right to injunctive relief was barred by limitations. *Block 145, Limited v. Pace*, 617 S.W.2d 820, 822 (Tex.Civ.App.—Houston [14th Dist.] 1981, *writ ref'd n.r.e.*). Guarantors' second point of error is, therefore, overruled.

Both points of error having been overruled, the judgment denying the injunctive relief is affirmed.