Valerie **HARWELL**, as Administratrix of the Estate of Tammy D. Hubbard, Deceased; Eric L. Leatherman and Eric Christopher Leatherman, Appellants,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 2–92–233–CV.

Court of Appeals of Texas, Fort Worth.

April 19, 1994.

Rehearing Denied May 24, 1994.

---

Don Prager, Law Offices of Don Prager, P.C., John M. Groce, Law Offices of John M. Groce, Fort Worth, for appellants.

John Hill Cayce, Jr., Shannon, Gracey, Ratliff & Miller, L.L.P., Fort Worth, for appellee.

Before LATTIMORE and DAY, JJ., and PAUL S. COLLEY, J. (Retired), Sitting by Assignment.

## OPINION

DAY, Justice.

Valerie Harwell, as Administratrix of the Estate of Tammy D. Hubbard, Deceased; Eric L. Leatherman, and Eric Christopher Leatherman (appellants) appeal from summary judgment for State Farm Mutual Automobile Insurance Company (State Farm).

We affirm.

The summary judgment evidence shows the following:

1. December 5, 1986. Eric Christopher Leatherman (Christopher) was involved in an automobile accident with Tammy D. Hubbard, which resulted in Hubbard's death. Tammy was the daughter of Lula Hubbard, who was the insured under State Farm's automobile liability insurance policy (the policy).

2. December 2, 1988. Christopher and Eric L. Leatherman filed their Plaintiff's Original Petition against "Tammy D. Hubbard, Deceased" in Cause No. 348–117259–88 in the 348th District Court of Tarrant County. The petition recites that Hubbard could be served with process "by serving the Temporary Administrator or Administrator of the Estate of TAMMY HUBBARD, Deceased, Fort Worth, Tarrant County, Texas." The petition does not name the administrator of Hubbard's estate, nor does it give any further address information. The Leathermans were represented by John M. Groce.

3. December 2, 1988. Groce filed an Application for Temporary Administrator for the Estate of Tammy D. Hubbard, Deceased, in Probate Court No. 2 in Tarrant County. The probate court entered an order appointing Valerie Harwell temporary administrator of Hubbard's estate.

4. January 9, 1989. Harwell received service of citation of the suit on behalf of Hubbard's estate. Harwell was not qualified as administrator for Hubbard's estate, however, because she had neither posted the required $13,000 bond nor received her letters of temporary administration. Harwell did not send a copy of the Leathermans' petition to State Farm.

5. July 20, 1989. Groce sent a letter to State Farm, advising State Farm that he represented the Leathermans and that a lawsuit had been filed against Tammy D. Hubbard, Deceased. Groce included a copy of the petition, the police report of the accident, and a letter from the 348th District Court coordinator. Groce advised State Farm to file an answer by August 23, 1989 in order to avoid a default judgment for the Leathermans.

The letter contains no information that Harwell had accepted service for Hubbard, or that she had been appointed temporary administrator of Hubbard's estate. The only indication of Harwell's capacity is the notation at the bottom of the letter: "cc: Ms. Valerie Harwell, Temporary Administrator."

6. September 11, 1989. Groce had a telephone conversation with C. Victor Anderson, Jr., State Farm's attorney, about the Leathermans' suit. Groce advised Anderson that Groce was going to make Harwell's temporary administration of Hubbard's estate permanent, amend the Leathermans' petition, obtain new service on Harwell, and proceed with the case to judgment. Anderson responded that the statute of limitations had run, that Groce could not proceed, and that State Farm "was not going to spend any money for representation of Ms. Harwell or furnish her with a defense."

7. November 22, 1989. Harwell qualified as administrator of Hubbard's estate.

8. March 15, 1990. The Leathermans filed their First Amended Petition against "Tammy D. Hubbard, Deceased." Neither Harwell nor Hubbard's estate is named as a party in the amended petition. The petition does recite that Hubbard's estate may be served through Valerie Harwell, the estate's permanent administrator.

9. March 20, 1990. Harwell filed a Waiver of Citation, in which she alleged that she was the defendant in Cause No. 348–117259–88 and waived service of process. Harwell also filed an answer on behalf of Hubbard's estate. Harwell did not send copies of the Leathermans' amended petition to State Farm, nor did she ask State Farm to defend her or Hubbard's estate in the suit.

10. May 29, 1991. The trial court issued a notice setting Cause No. 348–117259–88 for trial the week of August 5, 1991. Harwell did not forward a copy of this notice to State Farm.

11. August 8, 1991. Cause No. 348–117259–88 was tried to the court. Harwell appeared at trial but offered no evidence or argument in defense of Hubbard's estate.

12. September 20, 1991. The trial court rendered judgment against "Tammy D. Hubbard, Deceased." Harwell failed to send a copy of this judgment to State Farm.

13. October 21, 1991. Groce sent a second letter to State Farm, in which he enclosed a copy of the judgment and sought enforcement of same against the policy. On October 21, thirty-one days had passed since the judgment was signed, and the trial court had lost its plenary power. *See* TEX.R.CIV.P. 306a, 329b.

14. November 12, 1991. State Farm filed a petition for declaratory judgment, asking the trial court to declare that it had no obligation under the policy to pay the judgment.

15. June 18, 1992. State Farm moved for summary judgment on its declaratory judgment action. Grounds alleged in the motion for summary judgment were that State Farm had no obligation to pay the judgment because: (1) neither Lula Hubbard nor Valerie Harwell promptly complied with the policy's notice of suit provision, thus prejudicing State Farm's defense of the lawsuit; and (2) the judgment was invalid because it was rendered against the wrong party, and a necessary party to the suit was never named as a defendant.

16. August 6, 1992. The trial court granted summary judgment for State Farm.

In a summary judgment case, the issue on appeal is whether the movant met its burden for summary judgment by establishing that there exists no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); TEX.R.CIV.P. 166a. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against it. *Great Am. Reserve Ins. Co. v. San Antonio Pl. Sup. Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the nonmovants. *See id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded, and the evidence favorable to the nonmovants will be accepted as true. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Ins. Co.*, 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence must be indulged in favor of the nonmovants and any doubts resolved in their favor. *Montgomery*, 669 S.W.2d at 311. Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.*, 391 S.W.2d at 47.

■ In their first point of error, appellants complain the trial court improperly granted summary judgment for State Farm because, among other things: (1) a genuine fact issue exists about whether State Farm was prejudiced by violation of the notice of suit provision; (2) State Farm did not raise its alleged prejudice as a ground for summary judgment; and (3) State Farm waived any policy violations or is otherwise estopped to raise same because it violated the insurance policy by refusing to defend Harwell.

We have previously noted that State Farm moved for summary judgment, in part because Harwell's violation of the notice of suit provision prejudiced State Farm's defense. Accordingly, appellants' argument to the contrary is without merit.

We also find State Farm was prejudiced, as a matter of law, by Harwell's failure to comply with the notice of suit provision in the policy. The policy provided, in pertinent part:

**PART E—DUTIES AFTER AN ACCIDENT OR LOSS**
**GENERAL DUTIES**
We must -be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses. If we show that your failure to provide notice prejudices our defense, there is no liability coverage under the policy.
A person seeking any coverage must:
 1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

■■■ A person who sues for performance of a contractual obligation must prove that all contractual obligations prerequisite to performance have been satisfied. *Ratcliff v. National County Mutual Fire Ins. Co.*, 735 S.W.2d 955, 957 (Tex.App.—Dallas 1987, writ dism'd w.o.j.). This rule applies to insurance contracts. *Dairyland County Mutual Ins. Co. v. Roman*, 498 S.W.2d 154, 157 (Tex. 1973); *Ratcliff*, 735 S.W.2d at 957. Failure to notify an insurer of suit against its insured as required by the policy precludes suit against the insurer if the insurer is prejudiced by the lack of notice. *Roman*, 498 S.W.2d at 157 n. 2; *Ratcliff*, 735 S.W.2d at 957.

The "DUTIES AFTER ACCIDENT OR LOSS" provision in this case contains two notice requirements. First, the insured must give the insurer notice of the accident or loss itself. Second, the insured must promptly send the insurer copies of any notices or legal papers received in connection with the accident or loss.

The purpose of the first notice requirement is to enable the insurer to promptly investigate the circumstances while the matter is fresh in the minds of the witnesses. *Weaver v. Hartford Acc. & Indem. Co.*, 570 S.W.2d 367, 369 (Tex.1978). The second notice requirement has different purposes: (1) to advise the insurer that an insured has been served with process and that the insurer is expected to timely file an answer; and (2) to enable the insurer to control the litigation and interpose a defense. *Id.*

The summary judgment evidence conclusively shows that Harwell failed to comply with either of the two notice requirements. She never contacted State Farm in any way regarding Hubbard's accident with the Leathermans or regarding the Leathermans' suit itself. State Farm contends Harwell's complete failure to give notice prejudiced State Farm's defense of the suit and relieves State Farm from liability under the policy.

Appellants, on the other hand, contend State Farm was not prejudiced by Harwell's failure to comply with the policy's notice of suit provision because Groce notified State Farm of the suit. As we have previously mentioned, Groce provided State Farm, through Anderson, a copy of the Leathermans' original petition and advised State Farm to answer the suit in order to avoid a default judgment. Whatever "notice" this information may have afforded State Farm, it in no way lessened the prejudice State Farm suffered as a result of Harwell's failure to comply with the policy.

At the time Groce forwarded the suit papers to State Farm (July 20, 1989), Harwell was not named in the suit in any capacity and had not been properly served. Indeed, since Harwell had not yet qualified as administrator of Hubbard's estate, she could not receive service on the estate's behalf.

■■■ In September 1989 Groce notified Anderson that Groce was going to amend the Leathermans' petition, have Harwell qualified as administrator of Hubbard's estate and re-served, and proceed with the case to judgment. These assertions imposed no duty on State Farm to take any action. No duty is imposed on an insurer to take action in a suit until its insured is served and sends the suit papers to the insurer. *Weaver*, 570 S.W.2d at 369; *Members Ins. Co. v. Branscum*, 803 S.W.2d 462, 466–67 (Tex.App.—Dallas 1991, no writ). Moreover, an insurer gratuitously subjects itself to liability when it enters an appearance and tenders a defense for an insured who fails to comply with policy conditions and who has never been served with process. *Weaver*, 570 S.W.2d at 370.

Appellants acknowledge that no duty to defend is imposed on an insurer until its insured is served and sends the suit papers to the insurer. They contend State Farm had notice of service on Harwell, however, because Groce forwarded a copy of the Leathermans' original petition—with a copy of the citation—to State Farm. The record contains no evidence that the citation was attached to the copy of the petition State Farm received, and Groce's July 20, 1989 letter does not mention the citation. More important is the fact that any service on Harwell before she qualified as administrator of Hubbard's estate was invalid.

■ Thus, Anderson's advice to Groce that State Farm would not provide a defense, *before Harwell even qualified as the "insured" or received service,* was not wrongful. Rather, it was a legitimate response stemming from the fact that State Farm had no duty to act. Even though State Farm knew the Leathermans had filed their suit as early as July 20, 1989, actual knowledge of a *claim* does not equate to actual knowledge of service of the *suit* on the insured. *Branscum,* 803 S.W.2d at 464. The insurer has no duty to track back and forth to the courthouse to see when and if the insured may be served with process. *Weaver,* 570 S.W.2d at 369.

On November 22, 1989, Harwell finally qualified as administrator of Hubbard's estate and was authorized to accept service of the Leathermans' petition on the estate's behalf. Thereafter, the Leathermans amended their petition, Harwell waived service of citation, filed an answer, and appeared at trial. Neither Harwell nor Groce gave State Farm notice of any of these developments. In fact, State Farm received no further information about the suit until Groce forwarded a copy of the judgment thirty-one days after it was signed and after the trial court's plenary power had expired.

State Farm's duty to defend against the Leathermans' suit never arose because Harwell never forwarded a copy of the service return to State Farm or requested a defense in any way. State Farm was prejudiced, as a matter of law, by Harwell's failure to comply with the policy's notice of suit provision because State Farm had no knowledge of the valid service on Harwell, or of any further proceedings in the suit, until after the judgment was final and the time for filing a motion for new trial or perfecting an appeal had passed. *See Branscum,* 803 S.W.2d at 363–64.

■ Appellants' argument that State Farm is estopped to deny liability based on Harwell's breach of the policy must fail for the same reasons. When Anderson advised Groce that State Farm would provide no defense in the Leathermans' suit, State Farm had no duty to defend because Harwell had not been properly served, and State Farm had no notice of service. A party cannot be estopped because of its refusal to perform a duty before that duty arises.

Moreover, *Harwell* never asked State Farm to defend the suit. The only communication about this issue came from *the Leathermans' attorney,* counsel for Harwell's opponent. We question whether Groce could properly act as agent for both the Leathermans and Harwell. In addition, Harwell did not represent Hubbard's estate at the time of Groce's and Anderson's conversation; in fact, Hubbard's estate had no representative at all until several months later. Thus, irrespective of whether Groce's actions on Harwell's behalf were proper, Harwell had no connection with Hubbard's estate—and was therefore not the insured—until well after Groce's last pretrial contact with Anderson. Accordingly, any information Groce may have relayed to Harwell as a result of the September 11, 1991 conversation has no bearing whatsoever on this case.

Appellants mistakenly rely on *Allstate Ins. Co. v. Pare,* 688 S.W.2d 680 (Tex.App.—Beaumont 1985, writ ref'd n.r.e.) (per curiam), which is distinguishable from their situation. In that case, although Allstate knew a suit had been filed against its insured (Ernest Pare), there was no evidence Pare had forwarded any documents connected with the lawsuit to Allstate. Allstate challenged the sufficiency of the evidence to show it was not prejudiced by this failure to give notice. *Id.* at 682.

Allstate's claims representative testified that the insured "cooperated fully" and "provid[ed] any information necessary" under the policy. *Id.* at 684. In addition, up until the time judgment was rendered against Pare, his Allstate representative repeatedly assured him everything in connection with the suit had been settled. *Id.* at 682. The *Pare* court concluded this evidence supported the jury's finding that Allstate was not prejudiced by Pare's failure to comply with the notice of suit provision. *Id.*

We hold State Farm has no liability to Harwell or to Hubbard's estate under the policy because Harwell breached the policy by failing to comply with its notice of suit provision, thereby prejudicing State Farm's

defense of this case.[1] Therefore, the trial court properly granted summary judgment for State Farm. We overrule appellants' first point of error. In light of our holding with regard to this point of error, we deem it unnecessary to consider appellants' remaining points.

The trial court's judgment is affirmed.

PAUL S. COLLEY, Justice Retired, Sitting by Administrative Assignment dissenting.

I respectfully dissent.

In this summary judgment case, appellee, State Farm Mutual Automobile Insurance Company (hereafter "State Farm"), filed suit in trial court cause # 348–138822–91, seeking a declaratory judgment against appellants, Valerie Harwell, administratrix of the estate of Tammy D. Hubbard, Deceased, (hereafter "Harwell"), Eric L. Leatherman and Eric Christopher Leatherman (hereafter "Leathermans"), seeking a decree that it had "no [legal] obligation to pay" a judgment rendered in trial court cause # 348–117259–88 (hereafter called "Leathermans' suit").

On June 18, 1992, State Farm filed a motion for summary judgment in cause # 348–138822–91, predicated on two grounds:

1) The summary judgment evidence conclusively establishes that Harwell, as administratrix of the estate of Tammy D. Hubbard, Deceased, did not "promptly [send] notices or legal papers received in connection with the accident [automobile collision] to State Farm, or [cooperate] in the investigation, settlement or defense of the [previous] lawsuit. [Harwell's] failure to [do so] prejudiced State Farm's defense of the [Leathermans' suit]." and;

2) The summary judgment evidence conclusively establishes that the judgment in the previous lawsuit was "against Tammy D. Hubbard, Deceased" not against Harwell as personal representative of decedent's estate because Harwell was not named as a "party defendant" in the previous lawsuit, so the judgment runs against the deceased, and is void.

The Leathermans filed their response to State Farm's motion for summary judgment, asserting that State Farm was given sufficient notice of the filing of the original petition in the Leathermans' suit and Harwell was duly served with process therein on January 9, 1989. The Leathermans alleged that State Farm "was given the opportunity to defend [the suit] and refused to do so[,] at a time when there was no prejudice as to its defense of the [previous lawsuit]." They also asserted that because State Farm wrongfully refused to provide a defense to their suit, it cannot "insist upon compliance [by the insurer] with the conditions of its policy...."

The trial court heard State Farm's motion for summary judgment on July 24, 1992. On August 6, 1992, the court signed an order granting the motion, decreeing that State Farm had "no obligation to pay" the money damages awarded to the Leathermans in their suit.

Appellants present several points of error. Their first point is a general point that the trial court erred in granting State Farm's motion for summary judgment. That point authorizes this court to consider all issues raised in the trial court and argued by them in this court. *Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970); *see* TEX.R.APP.P. 74. Moreover, the law is plain and well-established that the movant in a summary judgment case must establish his right to the summary judgment as a matter of law. TEX.R.CIV.P. 166a; *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). Where there is conflicting summary judgment evidence, the evidence presented by the nonmovant will be deemed true. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Finally, even in the absence of a response the movant bears the burden to establish his right to the summary judgment as a matter of law. *City of Houston*, 589 S.W.2d at 678.

The record conclusively establishes the following: on December 5, 1986, a vehicle, owned by Lula Hubbard and operated by her daughter Tammy D. Hubbard, collided at a

1. We do not reach the question of whether the judgment against "Tammy D. Hubbard, De-ceased" is valid, since we find State Farm is not liable for that judgment.

location in Tarrant County with a pickup truck owned by Eric L. Leatherman and operated by Eric Christopher Leatherman. In that collision, Tammy Hubbard was killed, and Eric Christopher Leatherman was seriously injured. On December 2, 1988, the Leathermans filed their plaintiffs' original petition in their suit. That pleading was styled "[the Leathermans] v. Tammy Hubbard, Deceased" and the opening paragraph of the original petition complained of Tammy Hubbard, Deceased, (a true copy of that petition is attached hereto as appendix 1). The first numbered paragraph of the petition recites that "[d]ecedent TAMMY HUBBARD, was a resident of Tarrant County, Texas, on December 5, 1986, *on whom service of process may be had by serving the Temporary Administrator [sic] or Administrator [sic] of the Estate of TAMMY HUBBARD, Deceased, Fort Worth, Tarrant County, Texas.*" [Emphasis added.]

It is undisputed that Harwell was appointed temporary administratrix of the estate of Tammy D. Hubbard on December 2, 1988, by order of the probate court number 2 of Tarrant County in cause # 88–2676–2. The order specifically granted Harwell authority to accept citation in the Leathermans' suit and forward the same to State Farm in respect to State Farm's automobile liability policy # 252 9953–D14–43D issued to Lula Hubbard, Tammy's mother, which policy was in effect on December 5, 1986. It is likewise undisputed that Harwell was appointed permanent administratrix and qualified by filing her oath and bond on November 22, 1989.

It is likewise undisputed that on July 20, 1989 attorney John M. Groce, Leathermans' counsel mailed a letter to State Farm's regional office in Dallas in respect to that suit, identifying the same by its style and case number in the 348th Judicial District Court. In that letter, Groce forwarded copies of the Leathermans' petition served on Harwell together with the citation personally served on Harwell. The return shows that service on Harwell occurred on January 9, 1989 (a copy of that letter is attached to this opinion as appendix 2). That letter was sent by certified mail, return receipt requested, and the return card shows that the letter was deliv-

ered to State Farm's office and accepted by State Farm's agent, Carl Mason, on July 28, 1989.

The summary judgment evidence conclusively shows that Fort Worth attorney, C. Victor Anderson, Jr., had several telephone conversations with the Leathermans' counsel sometime shortly before September 7, 1989. The summary judgment evidence further reveals a letter from Anderson to Groce bearing date of September 7, 1989 regarding the Leathermans' suit. Additionally, the affidavit testimony of Groce shows that Anderson and Groce engaged in a telephone conversation about the suit on or about September 11, 1989. Groce testifies that Anderson was "representing [State Farm]" and told Groce that "the statute of limitations had run" barring the Leathermans' suit against Harwell and that State Farm "was not going to spend any money for representation of Ms. Harwell or furnish her with a defense." Groce further testified that Anderson "was [on September 11, 1989] in possession of . . . a copy of the petition, a copy of the police report [of the collision,] and a notice from the Court Coordinator which [Groce] had [previously] forwarded to State Farm." Groce also said that he "could not compel Mr. Anderson to furnish a defense for [Harwell]."

Finally, the record shows that the previous suit was called for trial on August 7, 1991, and that on September 20, 1991, the judgment in the Leathermans' suit was signed following a bench trial. At trial, Harwell appeared pro se and offered no defensive evidence; whereupon, the trial judge pronounced judgment for the Leathermans that was memorialized by the September 20, 1991 judgment (a copy of which is attached hereto as appendix 3).

Since the summary judgment does not recite the grounds upon which it was founded, we must affirm the judgment if it is supported by any ground raised at trial and argued in this court. *Tilotta v. Goodall,* 752 S.W.2d 160, 161 (Tex.App.—Houston [1st Dist.] 1988, writ denied). Therefore, we must answer two questions: First, is the judgment in the previous case void because it either ran against a deceased person or the "estate" of that decedent; and Second, did

Harwell breach the insurance contract, thereby relieving State Farm of any liability under the policy.

I answer both questions no, for the reasons hereinafter stated, and would reverse the summary judgment.

State Farm asserts that the judgment is void because it ran against the decedent or her estate. I disagree. It is settled law that a judgment, like any other writing that is susceptible of two or more constructions, is subject to a proper construction from the reading of the entire instrument, so that effect is accorded to "all the court has written." *Constance v. Constance*, 544 S.W.2d 659, 660 (Tex.1976); *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 405 (Tex.1971) (orig. proceeding) (cited with approval in *Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex.1987) (per curiam)); *see also Keton v. Clark*, 67 S.W.2d 437, 439 (Tex.Civ. App.—Waco 1933, writ ref'd); *Stroman v. Fidelity & Cas. of New York*, 792 S.W.2d 257, 259 (Tex.App.—Austin 1990, writ denied); *Hood v. Amarillo Nat. Bank*, 807 S.W.2d 807, 809 (Tex.App.—Amarillo) (opinion on reh'g), *rev'd on other grounds per curiam*, 815 S.W.2d 545 (Tex.1991) (opinion on reh'g).

> Moreover, a learned scholar has written:
> It is always proper to consider what the judgment should have been, since it will be "presumed that the court intended to adjudge correctly in law upon the facts of the case," and of two possible interpretations of the language of the judgment, that one will be adopted which makes it correct and valid, in preference to one which would make it erroneous.

1 A.C. FREEMAN, FREEMAN ON JUDGMENTS § 76 at 132, 133 (5th ed. 1925) (cited in *Austin v. Conaway*, 283 S.W. 189, 192 (Tex. Civ.App.—Eastland 1926, no writ)); *accord Ex parte Payne*, 598 S.W.2d 312, 317 (Tex. Civ.App.—Texarkana 1980, no writ).

After my careful study of the four corners of the judgment in the previous suit, and acknowledging at the outset, that while the instrument is no model of good draftsmanship, by interpretation, utilizing the foregoing authorities, I conclude that the judgment

runs against the administratrix of the estate of Tammy D. Hubbard whose negligence formed the basis for such judgment and the damages therein awarded the Leathermans. Therefore, the judgment is not void, or for that matter, even voidable; it is a final judgment.

Lastly, I address State Farm's allegation that Harwell breached the insurance contract by her failure to give notice of the occurrence of the accident and forward legal papers served on her in the previous suit, thereby relieving State Farm from any liability on its policy. In response to that contention, appellants at trial and in this court argue that because State Farm refused to defend the previous suit against Harwell acting in her representative capacity, State Farm was estopped from enforcing the condition of its policy in respect to Harwell's duty to promptly furnish State Farm with notice of the accident and copies of all legal papers served on her in the Leathermans' suit. I agree with appellants. *See Gulf Ins. Co. v. Parker Products, Inc.*, 498 S.W.2d 676, 679 (Tex.1973); *Womack v. Allstate Ins. Co.*, 156 Tex. 467, 296 S.W.2d 233, 237 (1956); *see also YMCA of Metro. Fort Worth v. Commercial Standard Ins. Co.*, 552 S.W.2d 497, 504 (Tex.Civ.App.—Fort Worth, 1977), *writ ref'd n.r.e. per curiam*, 563 S.W.2d 246 (Tex. 1978); *Rhodes v. Chicago Ins. Co.*, 719 F.2d 116, 119–20 (5th Cir.1983). The initial pleading and citation furnished State Farm showed a cause of action within the coverage of State Farm's policy, and regardless of the merits of the action, the insurer had a contractual duty to defend the insured. *Maryland Cas. Co. v. Moritz*, 138 S.W.2d 1095, 1097–98 (Tex.Civ.App.—Austin 1940, writ ref'd). I conclude that State Farm's undisputed failure to defend Harwell in the Leathermans' suit operated as an estoppel, preventing it from asserting against Harwell "any conditions in the policy" including an alleged failure to give notice and send further legal papers served on her. *Accord Heyden Newport Chemical Corp. v. Southern General Ins. Co.*, 387 S.W.2d 22, 26 (Tex. 1965). The Supreme Court has held that while the insurer "may ordinarily insist upon compliance with ... condition[s] [in the policy] for its own protection ... it may not do

so after it is given the opportunity to defend the suit ... and refuses to do [so] either on the erroneous ground that it has no responsibility under the policy." *Gulf Ins. Co.*, 498 S.W.2d at 679 (citations omitted).

Based on the record before us, I would hold that State Farm was estopped to urge any policy conditions as a defense, including "Part E" of the policy (reproduced in the majority opinion). I am persuaded that State Farm waived all policy defenses, first because it had notice of the accident and the Leathermans' lawsuit more than two years before the Leathermans' case even went to trial. That notice gave State Farm an ample opportunity to intervene and interpose a defense in the case; moreover, a strong inference arises from the summary judgment evidence to the effect that State Farm forwarded the papers mailed to its Dallas office by Groce on July 20, 1989, received by State Farm's agent Carl Mason on July 28, 1989, to State Farm's agent and Fort Worth attorney, C. Victor Anderson, Jr., who obviously made an investigation of the Leathermans' claims and the lawsuit since he advised the Leathermans' attorney that the statute of limitations had run against the Leathermans' case, barring their suit against the representative of Hubbard's estate.

The foregoing facts and circumstances singly and considered together with the other summary judgment evidence operate as an estoppel against State Farm, depriving it of its policy defenses. *See Womack*, 296 S.W.2d at 237.

In addition, the majority has ruled that State Farm had no duty to defend the Leathermans' lawsuit because at the time Harwell was served with process in the suit—January 9, 1989—she had not posted her bond. I would point out that while State Farm made that argument in this court, it did not make that argument nor did it make those allegations in the trial court. Therefore, such facts do not constitute a ground for State Farm's motion for summary judgment and cannot be considered by this court to support the summary judgment. *Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 79 (Tex.1989).

Therefore, I would, for the reasons set forth, reverse the summary judgment and remand the cause for trial on the merits in the trial court.

### APPENDIX 1

Cause No. 348–117259–88

E.L. Leatherman and

Eric Christopher Howard

(Leatherman)

v.

Tammy Hubbard, Deceased.

In the District Court of Tarrant County, Texas 348 Judicial District

Filed Dec. 2, 1988

*PLAINTIFFS' ORIGINAL PETITION*

COMES NOW E.L. LEATHERMAN, hereinafter called Plaintiff, and ERIC CHRISTOPHER HOWARD (LEATHERMAN), hereinafter called Plaintiff, each complaining of TAMMY HUBBARD, DECEASED, and for cause of action would respectfully represent to the Court as follows:

I.

Plaintiffs are residents of Tarrant County, Texas.

Decedent, TAMMY HUBBARD, was a resident of Tarrant County, Texas, on December 5, 1986, on whom service of process may be had by serving the Temporary Administrator or Administrator of the Estate of TAMMY HUBBARD, Deceased, Fort Worth, Tarrant County, Texas.

II.

Plaintiffs would represent to the Court that on or about December 5, 1986, Plaintiff, E.L. LEATHERMAN, was the owner of a 1984¾ ton pickup truck, being driven by Plaintiff, ERIC CHRISTOPHER HOWARD (LEATHERMAN), which on that date in Fort Worth, Tarrant County, Texas, at or near Marine Creek Parkway, about 10:12 p.m., while traveling in a northerly direction on Marine Creek Parkway in Fort Worth, Tarrant County, Texas, was struck by a mo-

tor vehicle being operated by TAMMY HUBBARD, who was on that date and occasion traveling South on Marine Creek Parkway, which collision caused personal injuries to Plaintiff, ERIC CHRISTOPHER HOWARD (LEATHERMAN) and property damage to the vehicle, 1984 Ford ¾ ton pickup truck owned by E.L. LEATHERMAN, which injuries and damages are more specifically hereinafter set out, and Plaintiffs allege the cause of the injuries and damages was the negligence of TAMMY HUBBARD, Deceased, which acts and omissions were negligence, all as more specifically hereinafter set out.

### III.

Plaintiffs allege and represent to the Court that Defendant, TAMMY HUBBARD, Deceased, while driving her motor vehicle in a Southerly direction on Marine Creek Parkway, at or near the time Plaintiff, ERIC CHRISTOPHER HOWARD (LEATHERMAN) was driving a 1984 Ford ¾ ton pickup in a Northerly direction on Marine Creek Parkway in Fort Worth, Tarrant County, Texas, was guilty of one or more of the following acts of negligence, which negligence was a proximate cause of the injuries and damages sustained by Plaintiffs as follows:

1. TAMMY HUBBARD, Deceased, failed to maintain control of the vehicle she was driving;

2. TAMMY HUBBARD, Deceased, allowed her vehicle to move into the oncoming left-hand lane, which was being occupied by Plaintiff, ERIC CHRISTOPHER HOWARD (LEATHERMAN);

3. TAMMY HUBBARD, Deceased, failed to timely apply her brakes;

4. TAMMY HUBBARD, Deceased, failed to turn her vehicle to the right so as to avoid colliding into the vehicle being driven by Plaintiff, ERIC CHRISTOPHER HOWARD (LEATHERMAN); and

5. TAMMY HUBBARD, Deceased, failed to exercise that decree of care which a reasonable, prudent person would have exercised under the same or similar circumstances.

Plaintiffs allege that each of the above acts and/or omissions of negligence on the part of TAMMY HUBBARD, Deceased, were the sole proximate cause of the injuries and damages to Plaintiffs as more hereinafter specifically set out.

### IV.

ERIC CHRISTOPHER HOWARD (LEATHERMAN) would represent to the Court that on December 5, 1986, he was 22 years of age, in good health, able-bodied, a part-time student, and gainfully employed. Plaintiff would represent to the Court that as a result of the collision in question, ERIC CHRISTOPHER HOWARD (LEATHERMAN) suffered a broken rib, bruised ribs, collapsed lung, together with multiple contusions and abrasions. Plaintiff would represent that at the time and on the occasion in question, he was taken to the Fort Worth Osteopathic Hospital by ambulance and treated by medical physician for injuries which he sustained. Plaintiff seeks damages against TAMMY HUBBARD, Deceased, Defendant, for all reasonable and necessary ambulance, hospital, and medical expenses, all of which are considerably in excess of the minimal jurisdictional limits of this Court.

### V.

Plaintiff, ERIC CHRISTOPHER HOWARD (LEATHERMAN) would represent to the Court that at the time of the collision he was employed as an employee of Plaintiff, E.L. LEATHERMAN, in a business known as "E.L. LEATHERMAN, d/b/a TRACTOR TRUCK SERVICE", earning $8.00 per hour, working 35 to 40 hours per week, and as a result of the injuries sustained by Plaintiff, Plaintiff was unable to work for approximately six (6) months, for which time, Plaintiff claims lost wages.

### VI.

Plaintiff, ERIC CHRISTOPHER HOWARD (LEATHERMAN) would respectfully represent to the Court that as a result of the negligence of Defendant, TAMMY HUBBARD, Deceased, Plaintiff suffered mental

anguish, pain and suffering for which Plaintiff prays damages in the reasonable amount of $50,000.00.

## VII.

Plaintiff, E.L. LEATHERMAN, would represent to the Court that at the time and on the occasion in question, he was the owner of a 1984 Ford F–150¾ ton, pickup truck, which was damaged as a result of the negligence and collision caused by the Defendant herein. Plaintiff would represent to the Court that at the time and on the occasion in question the reasonable fair market value of the 1984 Ford F–150, ¾ ton pickup truck, was $13,500.00. Further, that immediately after the collision in question, in Tarrant County, Texas the reasonable fair market value of the 1984 Ford F–150, ¾ ton pickup truck, was $500.00. In the alternative, without waiving any of the above, Plaintiff, E.L. LEATHERMAN, would represent to the Court that as a result of the collision, the pickup truck was totaled, and that the salvage value of the vehicle was $500.00, that it would require reasonable and necessary time, materials and repairs of $12,500.00 to repair the vehicle, which, at that time, had a reasonable fair market value of $13,000.00, and that the same was not repaired.

## VIII.

Plaintiffs, jointly and severally, respectfully pray the Court for pre-judgment interest for all sums awarded.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Estate of Decedent, TAMMY HUBBARD, be cited to appear and answer herein as required by law, and that upon final hearing herein, Plaintiffs have and recover all damages for which they may show the Court, for pre-judgment interest, for post-judgment interest, for costs of court, and for such other and further relief, either at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

(s) John M. Groce
JOHN M. GROCE,
Attorney for Plaintiffs

APPENDIX 2

Law Office of

John M. Groce

819 One Tandy Center

Fort Worth, Texas 76102

July 20, 1989

CERTIFIED MAIL

RETURN RECEIPT # P994 014 860

State Farm Mutual Automobile Ins. Co.

Southwestern Regional Office

17301 Preston Road

P.O. Box 620054

Dallas, Texas 75262–0054

Re: Cause No. 348–117259–88

E.L. Leatherman, et al vs.

Tammy Hubbard, Deceased

Gentlemen:

Please be advised that I represent Mr. E.L. Leatherman and Eric Christopher Howard (Leatherman) in a claim they have against Tammy Hubbard, Deceased, in the above-referenced and styled matter.

Enclosed herewith is a copy of Plaintiff's Original Petition, together with a copy of the police report concerning this claim.

According to the investigation which is now complete, TAMMY D. HUBBARD was driving a 1980 Brown Ford Mustang automobile, owned by Lula D. Hubbard, her mother, on or about December 5, 1986, at or near 6100 Marine Creek Parkway, about ⁹⁄₁₀ths of a mile South of 1400 Longhorn Drive in Fort Worth, Tarrant County, Texas, when her vehicle went out of control veering into the oncoming lane, colliding with Eric Howard Leatherman, who was driving a 1984 Tan Ford F–100 pickup owned by E.L. Leatherman. As a result of the collision, Tammy D. Hubbard was a fatality. Eric Howard suffered serious and disabling injuries and E.L. Leatherman suffered property damage and loss of the 1984 Tan Ford F–100 motor vehicle.

It is necessary that an answer be filed in the above styled and numbered cause, in order to prevent a default judgment on or before August 23, 1989.

I enclose herewith a copy of the letter from Judy Sims, Court Coordinator, with reference to necessary action to secure default judgment.

It is hoped that this matter can be disposed of by settlement; however, we have been unable to reach any proposals or negotiations prior to filing of this action.

Thank you for your attention in this matter.

Very truly yours,

(s) John M. Groce

. John M. Groce

APPENDIX 3

Cause No. 348–117259–88

E.L. Leatherman and

Eric Christopher Howard

(Leatherman)

v.

Tammy Hubbard, Deceased.

In the District Court of Tarrant County, Texas 348th Judicial District.

*JUDGMENT*

On the 7th day of August, 1991, came on for trial, the above-styled and numbered cause.

Plaintiff, E.L. LEATHERMAN, and Plaintiff, ERIC CHRISTOPHER HOWARD (LEATHERMAN), appeared in person and by attorney of record, and announced ready for trial.

Defendant, TAMMY HUBBARD, DECEASED, appeared by and through VALERIE HARWELL, Administratrix of the Estate of TAMMY HUBBARD, DECEASED, pro se, and announced ready for trial.

The Court finds that all citations, notices, and requirements of law, have been duly and timely given, and that the Court has jurisdiction over the parties and the subject matter in this cause. All matters in controversy, as well as of fact and of law, were submitted to the Court, without the intervention of jury, and the pleadings, the evidence, and argument of counsel, having been heard, IT IS ORDERED, ADJUDGED AND DECREED that the following judgment in favor of Plaintiffs be GRANTED:

IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED that the Plaintiff, ERIC CHRISTOPHER HOWARD (LEATHERMAN) recover from the above-named Defendant, judgment for—

1. the sum of $4,858.55 for medical expenses;

2. the sum of $7,280.00 for lost wages;

3. the sum of $36,000.00 for mental anguish, pain and suffering;

4. pre-judgment interest in the amount of $11,146.38;

5. costs of court; and

6. interest at the rate of 10% per annum on the judgment from the date of judgment until paid.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that Plaintiff, E.L. LEATHERMAN, have and recover from the above-named Defendant, judgment for—

1. the sum of $12,500.00 for property damage;

2. pre-judgment interest in the amount of $2,894.34;

3. costs of court; and

4. interest at the rate of 10% per annum on the judgment from the date of judgment until paid.

IT IS ORDERED that Plaintiffs, E.L. LEATHERMAN and ERIC CHRISTOPHER HOWARD (LEATHERMAN), shall have all writs of execution and other processes necessary to enforce this judgment. All relief not expressly granted herein is denied.

SIGNED on this 20th day of September, 1991.

(s) Michael D. Schattman
JUDGE PRESIDING

PREPARED BY:

JOHN M. GROCE

Attorney for Plaintiffs