In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00127-CV
______________________________


WHISPERING PINES LODGE, AN ASSUMED NAME FOR
EMSCO OF LONGVIEW, INC., WHISPERING PINES
LODGE, L.L.C., WHISPERING PINES LODGE I, L.L.P.,
WHISPERING PINES HEALTH-CARE, L.C., 
TEXAS HEIRS, INC. D/B/A WHISPERING PINES LODGE,
ETHEL PARIS, AND TONIA OLIVER, Appellants
 
V.
 
MABLE ABERCROMBIA, INDIVIDUALLY 
AND AS NEXT FRIEND OF THE 
ESTATE OF O. D. ABERCROMBIA, DECEASED, Appellee


                                              

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 03-0913


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Whipering Pines Lodge I, L.L.P. and Whispering Pines Health-Care, L.C., have brought a
restricted appeal of a default judgment rendered against them April 18, 2005. Pursuant to Rule 42.3,
we notified the parties that the judgment being appealed may not be final. See Tex R. App. P. 42.3. 
The appellants have filed a response in which they agreed that the complained-of judgment was not
a final judgment. Because the trial court's judgment is not final, we dismiss this appeal for want of
jurisdiction.
            The defendants in the underlying lawsuit are Whispering Pines Lodge, an assumed name for
EMSCO of Longview, Inc.; Whispering Pines Lodge, L.L.C.; Whispering Pines Lodge I, L.L.P.;
Whispering Pines Health-Care, L.C.; Texas Heirs, Inc. d/b/a Whispering Pines Lodge; Ethel Paris;
and Tonia Oliver. The record contains evidence of two default judgments. On April 18, 2005, the
trial court rendered a default judgment against Whispering Pines Lodge, L.L.C.; Whispering Pines
Lodge I, L.L.P.; and Whispering Pines Health-Care, L.C., and specifically noted the judgment
pertained only to those defendants. On August 8, 2005, the trial court rendered judgment against
Whispering Pines Lodge, an assumed name of EMSCO of Longview, Inc., and specifically noted the
judgment pertained to that defendant only. The record does not contain evidence of a judgment
against Ethel Paris; Tonia Oliver; or Texas Heirs, Inc. d/b/a Whispering Pines Lodge, or other order
making the default judgments final.
            Generally, only final judgments of trial courts are appealable. Tex. Civ. Prac. & Rem. Code
Ann. § 51.012 (Vernon 1997); Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); Hinde
v. Hinde, 701 S.W.2d 637, 639 (Tex. 1985). A restricted appeal requires that the judgment being
appealed be final and appealable. See Tex. R. App. P. 30; Etter's Welding, Inc. v. Gainesville Nat'l
Bank, 687 S.W.2d 521, 522 (Tex. App.—Fort Worth 1985, no writ.). Because the trial court's
judgment does not dispose of all parties and claims, the complained-of default judgment is not a final
judgment.


 
            Accordingly, we dismiss this appeal for want of jurisdiction. 




                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          November 22, 2005
Date Decided:             November 23, 2005



family: 'Arial', sans-serif">          Detective Mark Warden of the Marshall Police Department investigated the theft of
lawn equipment from the school. Warden's investigation led him to conclude the items that
had been pawned by Smith at Cash America Pawn shop were the same items that had
been stolen from the school. During Warden's investigation, he also interviewed Smith
regarding the theft. Smith told him during that interview "that she felt that her sons had
stolen the items." She also expressed to Smith that she believed the items she pawned
were "hot." 
          Fifteen-year-old Lawrence Smith, Sonya's son, also testified. Lawrence told the trial
court he had stolen some lawn and garden equipment from the school and then asked his
mother to pawn the items for him. While Lawrence testified he never told his mother the
items were stolen, the State offered into evidence Lawrence's written juvenile confession



in which Lawrence stated he had admitted to his mother he had stolen the lawn and
garden equipment. 
          Smith testified she took her sons to the pawn shop June 14, 2005, and allowed
them to sell "their" lawn equipment. She denied knowing the items were stolen at the time
she pawned them for her sons. She testified Lawrence did not tell her the items were
stolen until after she had already been arrested for possessing (and selling) the stolen
property. However, Smith's testimony was impeached through her admission to having
been previously convicted of a felony drug offense and a felony theft offense. See Tex.
R. Evid. 609(a).
          The evidence, when viewed in the light most favorable to the State, is legally
sufficient to support the trial court's conclusion that Smith violated her conditions of
community supervision by knowingly selling stolen property. Similarly, the greater weight
of the credible evidence creates a reasonable belief Smith violated a condition of her
community supervision. The trial court, therefore, did not abuse its discretion by revoking
Smith's community supervision.
          We affirm the judgment.
 
                                                                Donald R. Ross
                                                                Justice
 
Date Submitted:      December 27, 2005
Date Decided:         December 30, 2005

Do Not Publish