In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00131-CV


______________________________




REGIONS BANK, F/K/A FIRST COMMERCIAL BANK, N.A., Appellant



V.



SOUTHWEST CONSTRUCTION RECEIVABLES, LIMITED AND 

CONSTRUCTION INVOICE FUNDING LTD., ET AL., Appellees



 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 99C0985-202




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Appellant, Regions Bank, f/k/a First Commercial Bank, N.A., and appellees, Southwest
Construction Receivables, Limited, Construction Invoice Funding, Ltd., Dennis O'Banion, and
Dan W. Moore, have filed a joint motion for severance and remand, informing this Court that they
have reached a settlement. In such a case, no real controversy exists, and in the absence of a
controversy, the appeal is moot.

 We grant the motion. We set aside without regard to the merits the judgment of the trial
court and remand the case to the trial court for rendition of judgment in accordance with the
agreement. See Tex. R. App. P. 42.1(a)(2)(B). 


 Jack Carter

 Justice


Date Submitted: November 13, 2008 

Date Decided: November 14, 2008


LODGE, L.L.C., WHISPERING PINES LODGE I, L.L.P.,
WHISPERING PINES HEALTH-CARE, L.C., 
TEXAS HEIRS, INC. D/B/A WHISPERING PINES LODGE,
ETHEL PARIS, AND TONIA OLIVER, Appellants
 
V.
 
MABLE ABERCROMBIA, INDIVIDUALLY 
AND AS NEXT FRIEND OF THE 
ESTATE OF O. D. ABERCROMBIA, DECEASED, Appellee


                                              

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 03-0913


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Whipering Pines Lodge I, L.L.P. and Whispering Pines Health-Care, L.C., have brought a
restricted appeal of a default judgment rendered against them April 18, 2005. Pursuant to Rule 42.3,
we notified the parties that the judgment being appealed may not be final. See Tex R. App. P. 42.3. 
The appellants have filed a response in which they agreed that the complained-of judgment was not
a final judgment. Because the trial court's judgment is not final, we dismiss this appeal for want of
jurisdiction.
            The defendants in the underlying lawsuit are Whispering Pines Lodge, an assumed name for
EMSCO of Longview, Inc.; Whispering Pines Lodge, L.L.C.; Whispering Pines Lodge I, L.L.P.;
Whispering Pines Health-Care, L.C.; Texas Heirs, Inc. d/b/a Whispering Pines Lodge; Ethel Paris;
and Tonia Oliver. The record contains evidence of two default judgments. On April 18, 2005, the
trial court rendered a default judgment against Whispering Pines Lodge, L.L.C.; Whispering Pines
Lodge I, L.L.P.; and Whispering Pines Health-Care, L.C., and specifically noted the judgment
pertained only to those defendants. On August 8, 2005, the trial court rendered judgment against
Whispering Pines Lodge, an assumed name of EMSCO of Longview, Inc., and specifically noted the
judgment pertained to that defendant only. The record does not contain evidence of a judgment
against Ethel Paris; Tonia Oliver; or Texas Heirs, Inc. d/b/a Whispering Pines Lodge, or other order
making the default judgments final.
            Generally, only final judgments of trial courts are appealable. Tex. Civ. Prac. & Rem. Code
Ann. § 51.012 (Vernon 1997); Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); Hinde
v. Hinde, 701 S.W.2d 637, 639 (Tex. 1985). A restricted appeal requires that the judgment being
appealed be final and appealable. See Tex. R. App. P. 30; Etter's Welding, Inc. v. Gainesville Nat'l
Bank, 687 S.W.2d 521, 522 (Tex. App.—Fort Worth 1985, no writ.). Because the trial court's
judgment does not dispose of all parties and claims, the complained-of default judgment is not a final
judgment.


 
            Accordingly, we dismiss this appeal for want of jurisdiction. 




                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          November 22, 2005
Date Decided:             November 23, 2005