LIBERTY MUTUAL INSURANCE
COMPANY, Petitioner,

v.

Roque CRUZ and Rosaura Cruz, Individually and as next friends for Rosibel Cruz, Alvaro Cruz and Perla Evelyn Cruz, Minor Children.

No. D–3990.

Supreme Court of Texas.

Dec. 8, 1993.

---

C. Douglas Calvert, Dallas, for petitioner.

Charles Montemayor, Lawrence L. Mealer, Dallas, for respondents.

## PER CURIAM.

This is a summary judgment case concerning the liability of an insurance company for a default judgment rendered against its insured without notice of suit to the insurance company. · We hold that failure to comply with the insurance policy notice provision by not providing notice of suit until after a default judgment is final, when the insurer does not otherwise have actual knowledge of the suit, prejudices the insurer as a matter of law and relieves the insurer of liability under the policy. We therefore reverse the judgment of the court of appeals and render judgment that Mr. and Mrs. Cruz take nothing.

Metropolitan Transportation Company, a taxicab company, was a named insured under comprehensive automobile and umbrella excess liability policies issued to Southland Financial Corporation by Liberty Mutual Insurance Company. On April 17, 1986, a Metropolitan cab driver lost control of a cab, and struck and injured three children of Roque and Rosaura Cruz. On June 3, 1986, Mr. and Mrs. Cruz filed suit against Metropolitan to recover for personal injuries to their children. No notice or citation was sent to Liberty Mutual. A default judgment was entered in the amount of $3.2 million against Metropolitan on May 20, 1987. On July 2,

1987, Liberty Mutual received a copy of the default judgment. Pursuant to an order assigning Metropolitan's causes of action to Mr. and Mrs. Cruz, they sued Liberty Mutual on September 14, 1987.

Mr. and Mrs. Cruz filed a motion for partial summary judgment, seeking a determination that Metropolitan's coverage, under the Liberty Mutual policies, was not cancelled in accordance with the terms of the policies and was still in effect at the time of the accident.[1] Liberty Mutual also filed a motion for summary judgment asserting that, even if coverage was not cancelled, it had not been given proper notice of Mr. and Mrs. Cruz's suit against Metropolitan and, thus, there was no coverage. The trial court granted Liberty Mutual's summary judgment and denied Mr. and Mrs. Cruz's summary judgment. The court of appeals reversed and rendered judgment that the insurance policies had not been cancelled before the accident, and remanded the cause for trial. 853 S.W.2d 714, 717 (1993).

The insurance policies placed a duty upon the insured to notify the company in the event of an occurrence, if a claim was made, or if a suit was brought. Neither Metropolitan nor Mr. and Mrs. Cruz notified Liberty Mutual of suit. Mr. and Mrs. Cruz knew who the insurer (Liberty Mutual) was, and claim to have sent a letter of representation,[2] but did not send Liberty Mutual notice of suit against its insured. Although Liberty Mutual later became aware of the **accident** through a newspaper article, Liberty Mutual did not receive notice of **suit** against its insured until July 2, 1987, 41 days after entry of the default judgment against Metropolitan.

Although notice, the condition precedent to the policy, was not given according to the policy, Liberty Mutual does not escape liability, unless it was "prejudiced" because of the lack of notice.[3] Liberty Mutual argues that

---

1. We do not reach the issue of whether the policy was properly cancelled.

2. Six days after the accident, on April 23, 1986, Mr. and Mrs. Cruz's attorney allegedly wrote a letter of representation to Liberty Mutual. Liberty Mutual claims to have no record of receiving this letter. Generally, actual knowledge of the

claim against an insured does not equate to actual knowledge of suit against an insured. See *Members Ins. Co. v. Branscum*, 803 S.W.2d 462, 466 (Tex.App.—Dallas 1991, no writ).

3. The policy issued by Liberty Mutual provides:
   [A]s respects bodily injury liability and property damage liability, unless the company is **prej-**

failure to send any notice of suit to Liberty Mutual and the subsequent entry of a default judgment against Metropolitan that became final is prejudice to Liberty Mutual as a matter of law. We agree that an insurer that is not notified of suit against its insured until a default judgment has become final, absent actual knowledge of the suit, is prejudiced as a matter of law.[4] Here, Liberty Mutual was prejudiced in the amount of $3.2 million. Therefore, Liberty Mutual can avail itself of the policy defense of lack of notice. Had Liberty Mutual known of the suit, it might have chosen to answer for Metropolitan and litigate the merits of the underlying suit. "It would be difficult to imagine more prejudice to [an insurer], who had no knowledge of the lawsuit, and was given none by [claimants'] then attorney, until the time for appeal had expired." *Wheeler v. Allstate Ins. Co.*, 592 S.W.2d 2, 3 (Tex.Civ.App.—Beaumont 1979, no writ).

We grant the application of Liberty Mutual and, without hearing argument, a majority of the court reverses the judgment of the court of appeals and renders judgment that Mr. and Mrs. Cruz take nothing. Tex. R.App.P. 170.

---

**udiced** by the insured's failure to comply with the requirement, any provision of this policy requiring the insured to give notice of action, occurrence or loss, or requiring the insured to forward demands, notices, summons, or other legal process shall not bar liability under this policy. (emphasis added).

**4.** *Accord, Members Ins. Co.*, 803 S.W.2d at 466–67; *Ratcliff v. Nat'l County Mutual Fire Ins. Co.*, 735 S.W.2d 955, 956 (Tex.App.—Dallas 1987), *reh'g denied*, 745 S.W.2d 75 (Tex.App.—Dallas 1988, writ dism'd w.o.j.); *Wheeler v. Allstate Ins. Co.*, 592 S.W.2d 2, 3 (Tex.Civ.App.—Beaumont 1979, no writ); *Cf. Kimble v. Aetna Casualty and* *Sur. Co.*, 767 S.W.2d 846 (Tex.App.—Amarillo 1989, writ denied) (holding insurer prejudiced where no notice or knowledge of suit until after default judgment rendered, but before judgment became final); *Filley v. Ohio Casualty Ins. Co.*, 805 S.W.2d 844 (Tex.App.—Corpus Christi 1991, writ denied) (holding insurer prejudiced when the insured notified the insurer of suit only a few days prior to trial, when insurer could not locate the insured). *Compare with Allstate Ins. Co. v. Pare*, 688 S.W.2d 680 (Tex.App.—Beaumont 1985, writ ref'd n.r.e.) (holding failure to notify did not prejudice insurer because insurer had actual knowledge of suit).