**Valerie HARWELL, Administratrix of the Estate of Tammy D. Hubbard, Deceased; Eric L. Leatherman and Eric Christopher Leatherman, Petitioners,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.**

No. 94–0634.

Supreme Court of Texas.

Argued Jan. 4, 1995.

Decided March 30, 1995.

Don Prager, John M. Groce, Fort Worth, for petitioners.

John Hill Cayce, Jr., C. Victor Anderson, Jr., Anne Gardner, Fort Worth, for respondent.

GONZALEZ, Justice, delivered the opinion of the Court, in which all Justices join.

In this case we determine whether an insured provided notice of a suit filed against her to her insurance carrier, thereby binding the carrier by the resulting judgment. The trial court granted summary judgment in favor of the insurer, and the court of appeals affirmed. 876 S.W.2d 494. We hold that the insurer is not bound by the judgment against the insured because the insured failed to

comply with the notice of suit provision of the insurance policy. Therefore, we affirm the judgment of the court of appeals.

## I.

On December 5, 1986, Tammy D. Hubbard and Eric Christopher Leatherman were in an automobile accident. The collision killed Hubbard and seriously injured Leatherman. Hubbard was insured by State Farm Mutual Automobile Insurance Company under her mother's automobile liability insurance policy.

On December 2, 1988, Leatherman and his father, E.L. Leatherman, filed suit against "Tammy D. Hubbard, Deceased." The Leathermans' original petition stated that Hubbard's estate could be served with process by serving the temporary administrator of her estate, although it did not provide a temporary administrator's name or address. On the same day, John Groce, the Leathermans' attorney, filed an application for the appointment of a temporary administrator of Hubbard's estate in probate court. The probate court appointed Valerie Harwell, a legal secretary in Groce's law office, temporary administrator of Hubbard's estate.[1] The Leathermans served Harwell with citation of the suit on January 9, 1989. However, Harwell had not yet qualified as administrator because she had not posted the $13,000 bond required by the order of appointment or received her letters of temporary administration.

In July 1989, Groce sent a letter to State Farm informing it of the Leathermans' suit against Hubbard's estate. Groce enclosed a copy of the petition, the police report of the accident, and a notice of default and intent to dismiss for want of prosecution from the coordinator of the court in which the Leathermans filed suit. Groce advised State Farm to file an answer to avoid a default judgment against Hubbard's estate. He did not inform State Farm that Harwell had been appointed temporary administrator or that she had

been served with notice of the suit. The only mention of Harwell was a notation at the end of the letter which stated: "cc: Ms. Valerie Harwell, Temporary Administrator."

Two months after Groce sent the letter, he called C. Victor Anderson, Jr., State Farm's attorney. Groce advised Anderson that Harwell soon would be named the permanent administrator of Hubbard's estate. Groce indicated that after Harwell was named permanent administrator, he would amend the Leathermans' petition, re-serve Harwell, and proceed to trial. According to Groce, Anderson responded that the statute of limitations had run and that State Farm would not defend Hubbard. Anderson maintains he told Groce that State Farm would discuss the lawsuit with him when Harwell received proper service and forwarded all papers pertaining to the suit to State Farm. He denies telling Groce that State Farm refused to undertake Hubbard's defense. In November 1989, Harwell qualified as administrator of Hubbard's estate. On March 15, 1990, Groce filed the Leathermans' first amended petition, again naming "Tammy D. Hubbard, Deceased" as the defendant. The amended petition did not name Harwell or Hubbard's estate as a party to the suit. The petition recited, however, that Hubbard's estate could be served through Harwell, the permanent administrator of Hubbard's estate. Harwell did not send a copy of the amended petition or any other papers pertaining to the suit to State Farm.

In March 1990, Harwell filed a waiver of citation and a general denial on behalf of Hubbard's estate. The trial court issued a notice setting the case for trial in August 1991. Harwell did not send a copy of the notice to State Farm. Although Harwell appeared pro se at the trial, she offered no evidence or arguments in defense of Hubbard. On September 20, 1991, the trial court rendered judgment for $74,679 in damages and prejudgment interest, plus court costs and postjudgment interest, against "Tammy D. Hubbard, Deceased." Harwell did not

---

1. That Groce had Harwell, his secretary, appointed the administrator of the defendant's estate creates at least an appearance of impropriety, if not a violation of the disciplinary rules. *See* Tex.Disciplinary R.Prof.Conduct 1.06 (1989), *re-printed in* Tex.Gov't Code, tit. 2, subtit. G, app. A (Supp.1995) (State Bar Rules art. X, § 9) (requiring client consent to representation involving a conflict of interests).

notify State Farm of the judgment. Howeverer, on October 21, 1991, one day after the expiration of the time to file a motion for new trial or perfect an appeal, Groce sent a second letter to State Farm, enclosing a copy of the judgment and seeking its enforcement against Hubbard's policy. State Farm subsequently commenced this action against Harwell and the Leathermans, seeking a declaratory judgment that it was not responsible under the policy for the judgment against Hubbard.

State Farm moved for summary judgment on two grounds. First, State Farm claimed that Harwell's failure to promptly forward notice or legal papers related to the suit prejudiced it as a matter of law. Second, State Farm alleged that the judgment was void because it did not name Harwell, a necessary party to the suit. The trial court granted State Farm's motion for summary judgment. The court of appeals affirmed, with one justice dissenting. It held that State Farm was not liable for the judgment against Hubbard because Harwell's failure to comply with the notice of suit provision of the policy prejudiced State Farm's defense of the case as a matter of law. 876 S.W.2d at 499–500.

 A movant establishes its entitlement to summary judgment by conclusively proving all essential elements of its cause of action as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). When determining whether summary judgment was proper, we review the evidence in the light most favorable to the nonmovant, taking all evidence in favor of the nonmovant as true and resolving all doubts as to the existence of a genuine issue of material fact in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

Because the trial court granted State Farm's motion without specifying the grounds, the summary judgment will be upheld if either of the theories advanced by State Farm are meritorious. *State Farm Fire & Casualty Co. v. S.S. & G.W.*, 858

S.W.2d 374, 380 (Tex.1993); *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 79 (Tex. 1989). We hold that summary judgment for State Farm was proper because Harwell's failure to comply with the notice of suit provision of the insurance policy relieved State Farm of any liability for the judgment against Hubbard.[2] Accordingly, we affirm the judgment of the court of appeals.

## II.

Harwell argues that Groce's July 1989 letter to State Farm and his subsequent telephone conversation with Anderson provided notice to State Farm of the Leathermans' suit against Hubbard, and that even if these communications were not notice, she raised a fact issue whether State Farm was prejudiced by her failure to provide notice. Harwell further contends that State Farm's refusal to defend the suit estops it from claiming that her alleged breach of the policy's notice of suit provision relieved it of liability. We disagree.

The notice of suit provision of Hubbard's policy provided in pertinent part:

We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses. If we show that your failure to provide notice prejudices our defense, there is no liability coverage under the policy. A person seeking coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

One of the purposes of a notice of suit provision in an insurance policy is to notify the insurer that the insured has been served with process and that the insurer is expected to defend the suit. *Weaver v. Hartford Acc. & Indem. Co.*, 570 S.W.2d 367, 369 (Tex.1978). Compliance with the notice of suit provision

2. Because we hold that State Farm is entitled to summary judgment due to Harwell's failure to provide it with notice of the suit, we need not

decide whether the judgment against "Tammy D. Hubbard, Deceased" was void.

is a "condition precedent to the insurer's liability on the policy." *Id.*

Until State Farm received notice of the suit, it had no duty to undertake Hubbard's defense. Groce's July 1989 letter and his conversation with Anderson did not notify State Farm of the suit against Hubbard. At the time of Groce's communications with State Farm, Harwell was not named as a defendant to the Leathermans' suit, nor was she ever made a party. In addition, she had not qualified as the estate's administrator, and the Leathermans' service of process on her prior to the time she qualified was not valid service on Hubbard's estate. Any notice Groce gave State Farm before Harwell qualified as administrator was merely notice of a claim against Hubbard's estate, which "does not equate to actual knowledge of suit against an insured." *Liberty Mut. Ins. Co. v. Cruz*, 883 S.W.2d 164, 165 n. 2 (Tex.1993); *accord Members Ins. Co. v. Branscum*, 803 S.W.2d 462, 466–67 (Tex.App.—Dallas 1991, no writ) (holding that a third party's assertion that he would file suit against the insured and his later assertion that he had filed suit imposed no obligation on the insurer because these assertions were notice of a claim, not notice of the service of suit on the insured). Furthermore, it was Harwell's duty to notify State Farm of the suit against its insured when she received service of process; it was not State Farm's duty to determine when or if Harwell was served. *See Weaver*, 570 S.W.2d at 369 (quoting *Campbell v. Continental Cas. Co.*, 170 F.2d 669, 671 (8th Cir.1948)) (holding that the insurer does not have "the sentry duty of tracking back and forth to the court house to keep a check on if or when he [the insured] may be served with process"). State Farm would have gratuitously subjected itself to liability if it appeared on the insured's behalf before it received notice that Harwell was joined in the lawsuit and properly served, or that she had accepted service and appeared in the suit. *Weaver*, 570 S.W.2d at 370. Other than the

letter Groce sent to State Farm seeking to enforce the judgment against Hubbard's policy, State Farm received no notice of the suit from Harwell or Groce after Harwell qualified as the estate's permanent administrator and accepted service.[3]

Moreover, State Farm has shown prejudice as a matter of law due to Harwell's failure to provide notice of the proceedings against Hubbard's estate. The insured's failure to notify the insurer of a suit against her does not relieve the insurer from liability for the underlying judgment unless the lack of notice prejudices the insurer. *Cruz*, 883 S.W.2d at 165. The failure to notify an insurer of a default judgment against its insured until after the judgment has become final and nonappealable prejudices the insurer as a matter of law. *Id.; see Wheeler v. Allstate Ins. Co.*, 592 S.W.2d 2, 3 (Tex.Civ. App.—Beaumont 1979, no writ) (noting that it is "difficult to imagine more prejudice" to an insurer who does not receive notice of suit until after the judgment becomes final). We see no reason to distinguish between cases in which an injured third party obtains a default judgment and cases such as this one, in which the insured appears at trial but offers no evidence or defenses on her behalf. If State Farm had received notice, it could have undertaken Hubbard's defense and minimized its insured's liability. *See Weaver*, 570 S.W.2d at 369 (holding that one of the purposes of the notice of suit provision is to allow the insurer to control the litigation and offer a defense). Harwell's failure to notify State Farm of the suit prejudiced State Farm as a matter of law.

Furthermore, Anderson's alleged refusal to defend the suit did not estop State Farm from denying liability based on Harwell's failure to provide notice of suit. Because this is a summary judgment proceeding, we accept as true Groce's contention that Anderson told him State Farm refused to defend the suit. *See Nixon*, 690 S.W.2d at 549. However, when Anderson made these

---

3. We note that this is not a case in which the insurer received actual knowledge of a *suit* against the insured from a third party. *See Cruz*, 883 S.W.2d at 165 (holding that the insured's failure to notify the insurer of a suit until after a default judgment is final prejudices the insurer as a matter of law "when the insurer does not otherwise have actual knowledge of the suit"). As previously stated, any notice Groce gave State Farm before Harwell qualified as the estate's administrator was notice of a claim, not notice of a suit.

statements, State Farm was under no duty to defend Harwell against the Leathermans' claims because Harwell had not yet qualified as administrator of Hubbard's estate and been served with citation of suit. Estoppel can arise only when a party has refused to do that which he or she has a duty to do. *Vrazel v. Skrabanek,* 725 S.W.2d 709, 711 (Tex.1987). Because State Farm was not under a duty to defend the suit against its insured when Anderson spoke with Groce, it is not estopped from asserting Harwell's breach of the policy as a bar to its liability.

## III.

Harwell also contends that State Farm's attempt to invalidate service of process on Harwell before she qualified as the estate's administrator is an impermissible collateral attack on the order appointing Harwell administrator of Hubbard's estate. In *Bandy v. First State Bank,* 835 S.W.2d 609 (Tex.1992), Bandy, the permanent administrator of the decedent's estate, sought to void all actions taken by the temporary co-administrators by voiding the order appointing them. This Court described Bandy's attempt to void the temporary co-administrators' appointments as a collateral attack. *Id.* at 614 (citing *Empire Gas & Fuel Co. v. Albright,* 126 Tex. 485, 87 S.W.2d 1092, 1096 (1935)). We rejected Bandy's attack because he failed to present the Court with a record of the proceeding establishing the temporary administration. *Id.* at 614–15. In this case, however, there was no collateral attack. State Farm neither challenged Harwell's appointment as the administrator of Hubbard's estate, nor the authority of the trial court to appoint her. Rather, State Farm argued that service on Harwell was ineffective unless and until she qualified as administrator by meeting the requirements set forth in the order appointing her. Therefore, we reject Harwell's argument that State Farm is collaterally attacking her appointment.

## IV.

Relying on *McConnell v. Southside Independent School District,* 858 S.W.2d 337, 341 (Tex.1993), Harwell next contends that summary judgment was improper because State Farm failed to expressly state the grounds for summary judgment in its motion. Specifically, Harwell argues that State Farm's motion was insufficient because it failed to allege that State Farm did not receive notice, and because it did not state how State Farm was prejudiced by any lack of notice. State Farm's motion for summary judgment stated:

> The summary judgment evidence conclusively establishes that State Farm has no obligation to pay the judgment rendered against Tammy D. Hubbard, Deceased, because neither Lula Hubbard [the insured's mother] nor Valerie Harwell, the Administratrix of Tammy Hubbard's estate, promptly sent notices or legal papers received in connection with the accident to State Farm, or cooperated in the investigation, settlement or defense of the lawsuit. The insured's failure to provide notice prejudiced State Farm's defense of the lawsuit.

We conclude that State Farm's motion sufficiently stated the grounds upon which it was relying for summary judgment. First, State Farm expressly alleged prejudice resulting from Harwell's failure to provide notice of the Leathermans' suit. Second, State Farm argued that Harwell did not comply with the policy by providing State Farm with notice of the suit against Hubbard's estate. Implicit in this argument was that State Farm did not receive notice of suit as required by the policy. Therefore, we hold that State Farm's motion met the standard articulated in *McConnell.* If the grounds upon which State Farm was relying were unclear to Harwell, she should have excepted to the motion. 858 S.W.2d at 342 (holding that if the grounds are unclear or ambiguous, the nonmovant must except to the motion).

## V.

Because Harwell failed to provide State Farm with notice of the Leathermans' suit against Hubbard, and the lack of notice prejudiced State Farm's defense of the suit as a matter of law, we hold that State Farm is not liable for the judgment against Hubbard.

Accordingly, we affirm the judgment of the court of appeals.