Teodora STRUNA, Appellant,

v.

**CONCORD INSURANCE SERVICES, INC. and Home State County Mutual Insurance Company, Appellees.**

No. 01–99–00035–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 6, 2000.

Mark A. McLean, Houston, for appellant.

Pamela K. Allen, Houston, for appellees.

Panel consists of Justices MIRABAL, HEDGES, and SMITH.*

## OPINION

MARGARET GARNER MIRABAL, Justice.

This is an appeal by plaintiff, Teodora Struna, from a take-nothing summary judgment in favor of defendants, Concord Insurance Services, Inc. and Home State County Mutual Insurance Company.[1] Struna seeks payment of the amount of a default judgment entered against defendants' insured in an underlying lawsuit. We reverse.

### Case Background

The following facts are undisputed:

1. On March 26, 1995, Struna's car collided with another car driven by Calvin J. Guillory. Guillory was ticketed for running a red light.

2. When the accident occurred, Guillory was insured by Concord Insurance and Home State. Concord Insurance is an agent for Home State.[2]

3. On April 5, 1995, Struna notified Concord Insurance regarding the car accident. On April 18, 1995, the insurers paid Struna $1,962.70 for property damage to her car. On May 22, 1995, the insurers reimbursed Struna's car rental charges of $439.78. The insurers did not pay Struna for her personal injuries, if any.

4. On March 6, 1997, Struna sued Guillory for negligence in cause no. 97–12708, 133rd District Court, Harris County, Texas. On July 8, 1997, the trial court authorized substitute service on Guillory; substituted service was effected on August 26, 1997. On November 3, 1997, the trial court granted Struna's motion for default judgment and set a damages hearing. On November 24, 1997, the trial court entered a $250,000 default judgment in favor of Struna.[3]

5. Guillory did not report the accident to Concord Insurance or Home State. Guillory never initiated any contact with Concord Insurance or Home State regarding the accident or lawsuit.

6. Struna's attorney, Mark McLean, contacted Concord Insurance regarding the underlying Guillory lawsuit as follows:

(a). In a letter dated March 4, 1997 (two days before filing suit against Guillory), McLean told Charles Dorsey, the claims manager for Concord Insurance, that Struna was filing suit against its insured. McLean also enclosed a copy of the petition.

(b). In a letter dated October 21, 1997 (two weeks before obtaining the default judgment), McLean told Dor-

---

\* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Plaintiff also sued a third defendant, Texas Farmers Insurance Company, alleged to be her own insurer. However, the trial court granted Struna's motion to dismiss with prejudice her claims against Texas Farmers, and those claims are not before us.

2. Concord Insurance and Home State filed all pleadings and briefs jointly, and do not distinguish between themselves for liability purposes. Accordingly, we address them jointly in our analysis.

3. The insurers do not dispute that Struna and the Guillory court followed proper procedures for obtaining and entering the default judgment, and do not raise any issues regarding the default judgment's validity.

sey that Guillory had been served by substituted service and that McLean would seek a default judgment. McLean also enclosed a copy of the order that authorized the substituted service.

(c). In a letter dated November 3, 1997, McLean notified Dorsey that he had obtained a default judgment (as to liability) against Guillory and informed Dorsey that the hearing to establish damages was set for November 24, 1997. The letter also referenced a telephone conference on October 30, 1997, between McLean and Dorsey. McLean enclosed a copy of the order granting Struna's motion for default judgment.

(d). In a letter dated November 13, 1997, McLean forwarded medical records to Dorsey.

(e). In a letter dated November 24, 1997, McLean forwarded to Dorsey a copy of the $250,000 default judgment.

7. Concord Insurance made the following attempts to contact Guillory, all of which were unsuccessful:

(a). On April 6, 1995, Jane Parsley, then a claims investigator, sent a form letter to Guillory notifying him of the claim. Parsley also called Guillory's phone number and left a message for him to call her. Guillory did not call back or respond to the letter.

(b). On April 7, 1995, Parsley called Guillory but did not get an answer.

(c). In a letter dated March 10, 1997, Dorsey notified Guillory of the pending lawsuit and requested that Guillory contact Dorsey. Guillory did not respond.

(d). In a letter dated October 31, 1997, Dorsey sought confirmation from Guillory regarding the default judgment proceedings. Both a certi-

fied copy and a regular mail copy were returned to Dorsey by the postal service.

Struna filed this suit as an "intended beneficiary," asserting breach of contract by the insurers because they refused to pay her for her recovery in the underlying Guillory lawsuit. Struna seeks the $20,000 policy limits, plus attorney's fees.

Concord Insurance and Home State jointly moved for summary judgment, arguing there is no basis in law for holding them liable under the express terms of the insurance policy.[4] Specifically, the insurers assert they are not liable as a matter of law because: (1) an actual trial, rather than a default judgment, is necessary for them to be liable; (2) their insured, Guillory, failed to provide notice of the lawsuit to them; and (3) Guillory failed to cooperate in their investigation.

Concord Insurance and Home State attached the following summary judgment evidence to their motion: (1) Jane Parsley's affidavit (a Concord Insurance investigator) discussing her unsuccessful attempts to contact Guillory; (2) Charles Dorsey's affidavit (claims manager for Concord Insurance) discussing his efforts to contact Guillory; and (3) a copy of Guillory's insurance policy.

Struna responded to the summary judgment motion with four assertions:[5] (1) the motion lacked specificity; (2) the insurers were not prejudiced by Guillory's failure to give notice or failure to cooperate; (3) the insurers had actual notice; (4) Struna can state a direct cause of action under the Texas Motor Vehicle Safety Responsibility Act, TEX. TRANSP. CODE ANN. §§ 601.071–601.088 (Vernon 1999) (codified without substantive change from TEX.REV.CIV. STAT. ANN. art. 6701h, effective September 1, 1995).

---

**4.** The insurers jointly filed both a motion for summary judgment and a supplemental motion for summary judgment.

**5.** In her response, Struna incorporated her own motion for summary judgment by reference. The two documents are summarized together.

Struna attached the following summary judgment evidence to her response: (1) the final default judgment in the underlying Guillory lawsuit; (2) Home State's answers to interrogatories regarding the policy and payments made to Struna and confirmation of correspondence; (3) a copy of the policy; (4) Home State's answers to requests for admissions confirming correspondence and the accident report; (5) McLean's affidavit regarding his contacts with Concord Insurance, including copies of the correspondence (with enclosures); and (6) a certified copy of the accident report.

The trial court granted the insurers' motion for summary judgment without specifying the grounds upon which it relied.

In three issues, Struna asserts the trial court erred in granting the insurers' motion for summary judgment because the insurers did not establish as a matter of law that (1) they were prejudiced by Guillory's lack of notice; (2) they were prejudiced by Guillory's failure to cooperate in the defense of the underlying lawsuit; or (3) the default judgment violated the policy's "no action" clause.

### Scope and Standard of Review

Summary judgment under Rule 166a(c) is proper only when the movant establishes there is no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995); *Long v. State Farm Fire & Cas. Co.*, 828 S.W.2d 125, 126–27 (Tex.App.—Houston [1st Dist.] 1992, writ denied). In reviewing the granting of a motion for summary judgment, we assume all evidence favorable to the non-movant is true. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex.1996). We indulge every reasonable inference and resolve any reasonable doubt in favor of the non-movant. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action. *Science Spectrum, Inc.*, 941 S.W.2d at 911; *Jones v. Legal Copy, Inc.*, 846 S.W.2d 922, 924 (Tex.App.—Houston [1st Dist.] 1993, no writ). A defendant may also obtain summary judgment by conclusively establishing all elements of an affirmative defense as a matter of law. *Science Spectrum, Inc.*, 941 S.W.2d at 911; *Jones*, 846 S.W.2d at 924. Once the defendant produces evidence entitling the defendant to summary judgment, the plaintiff must present evidence raising a fact issue. *Walker*, 924 S.W.2d at 377; *Haight v. Savoy Apartments*, 814 S.W.2d 849, 851 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

The summary judgment is affirmable on appeal if any ground asserted in the motion for summary judgment is a valid ground for rendering summary judgment. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex.1996).

### Third–Party Beneficiary

The insurers do not dispute that a third-party beneficiary, such as Struna, can properly assert a cause of action to recover benefits under its policy. *See State Farm County Mut. Ins. Co. v. Ollis*, 768 S.W.2d 722, 723 (Tex.1989) (per curiam) (generally a party injured by an insured is a third-party beneficiary of the insured's liability insurance policy). Rather, they assert that Struna cannot recover in this particular instance because Guillory breached the terms of the insurance policy/contract, and thus they are relieved of their duties under the policy.

### "No Action" Clause—Default Judgment

■ In issue three, Struna asserts the trial court could not have properly granted the motion for summary judgment on the ground that the "no action" clause of the policy had been violated by the absence of a trial in the underlying suit. The insur-

ers argued they are not liable because Struna obtained a default judgment, rather than a judgment following a full trial on the merits.

■ Generally, direct actions by an injured third-party against a tortfeasor's insurance company are prohibited until it has been established by judgment or agreement that the insured has a legal obligation to pay damages to the injured party. *Ollis,* 768 S.W.2d at 723; *Great Am. Ins. Co. v. Murray,* 437 S.W.2d 264, 265 (Tex.1969). Specifically, the insurers rely on the following policy language, referred to as a "no action" clause:

### LEGAL ACTION AGAINST US

A. No legal action may be brought against us until there has been full compliance with all terms of this policy. In addition, under Liability Coverage, no legal action may be brought against us until:

1. We agree in writing that the covered person has an obligation to pay; or

2. The amount of that obligation has been finally determined by judgment *after trial.*

(Emphasis added.) Focusing on the italicized words, the insurers assert they are not liable because no *trial* occurred—instead the trial court entered a default judgment following an uncontested hearing. We disagree with the insurers' construction of the term *after trial.*

The "Final Default Judgment Against Defendant, Calvin J. Guillory" specifically states that "The damages in Plaintiff's Petition are unliquidated. The Court held a hearing in which plaintiff presented evidence of damages and proved the amount of damages." The record is therefore clear and uncontested that the amount of Guillory's obligation had been finally determined by judgment after a trial at which evidence had been presented.

We sustain issue three.

### Notice and Cooperation Requirements

■ In issues one and two, Struna asserts the trial court could not have properly granted the insurers' motion for summary judgment on the ground that Guillory failed to give notice and failed to cooperate. The insurers argued they are not liable as a matter of law because Guillory failed to comply with their notice and cooperation provisions in the policy. Specifically, the insurers point to the following language:

PART E —DUTIES AFTER AN ACCIDENT OR LOSS

A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses. *If we show that your failure to provide notice prejudices our defense, there is no liability coverage under the policy.*

B. A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

(Emphasis added.)

■ It is well settled by case law applying similar notice requirements that an insured must notify his insurer whenever a claim is made against the insured and forward any legal papers. *Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173–74 (Tex.1995); *Liberty Mut. Ins. Co. v. Cruz,* 883 S.W.2d 164, 165–66 (Tex.1993). Compliance with a notice provision is a condition precedent to an insurer's liability on the policy. *Id.* However, the insured's failure to notify the insurer does not absolve the insurer from the underlying judgment unless the lack of notice *prejudices* the insurer.[6] *Id.* Wheth-

---

**6.** The disputed policy requires prejudice. Also, the Texas Board of Insurance requires a showing of prejudice before allowing a "late notice" defense on an automobile policy. *See Chiles v. Chubb Lloyds Ins. Co.,* 858 S.W.2d

er an insurer is prejudiced by its lack of notice is generally a question of fact. *See Duzich v. Marine Office of Am. Corp.,* 980 S.W.2d 857, 866 (Tex.App.—Corpus Christi 1998, pet. filed).

In the present case, the summary judgment evidence does not establish prejudice as a matter of law. As set forth above, Struna notified Concord Insurance within two weeks of the car accident, and Struna's attorney contacted Concord Insurance regarding the underlying Guillory lawsuit, providing adequate time to respond, before he took any significant action in the case: before filing suit; before effecting substituted service; before the hearing on the default motion; and before the damages hearing and entry of the final default judgment. The insurers failed to meet their burden to show they were prejudiced by their insured's failure to notify them, in light of the uncontroverted evidence of their actual notice. *See Members Ins. Co. v. Branscum,* 803 S.W.2d 462, 465–67 (Tex. App.—Dallas 1991, no writ) (discussing when lack of notice may be prejudicial); *Allstate Ins. Co. v. Pare,* 688 S.W.2d 680, 680 (Tex.App.—Beaumont 1985, writ ref'd n.r.e.) (insurer not prejudiced by insured's failure to forward suit papers prior to default when insurer actually knew suit had been filed and knew that default judgment had been rendered against another defendant). This is not a case in which the insurer was prejudiced as a matter of law. *See Cruz,* 883 S.W.2d at 165 (notice was not given until after a default judgment was entered); *Kimble v. Aetna Cas. & Sur. Co.,* 767 S.W.2d 846, 849 (Tex.App.—Amarillo 1989, writ denied) (no notice was given until after the entry of judgment). Nor is this a case in which prejudice was established after a full trial on the merits. *See Filley v. Ohio Cas. Ins. Co.,* 805 S.W.2d 844, 847 (Tex.App.—Corpus Christi 1991, writ denied).

The insurers further asserted that Guillory's complete failure to cooperate with the insurers excused them, as a matter of

law, from their obligations to Struna. Again, it was the insurers' burden to prove, as a matter of law, that Guillory's failure prejudiced the insurers. *See Ohio Cas. Group v. Risinger,* 960 S.W.2d 708, 711 (Tex.App.—Tyler 1997, writ denied); *see also* Tex. Ins.Code Ann. § 21.58(b) (Vernon Supp.2000).

Here, the police report shows that, in addition to Struna, there were two independent witnesses to the accident. The insured, Guillory, received a ticket for running the red light. The record does not show what information the insurers acquired from any independent investigation. The insurers may have determined from their investigation that their insured, Guillory, was the responsible party, a reasonable explanation for their decision to pay Struna, less than two months after the accident, $1,962.70 for property damage to Struna's car, and $439.78 for rental car costs. The summary judgment evidence raises a material fact issue as to prejudice.

Because genuine issues of material fact exist, we sustain issues one and two.

We reverse the summary judgment and remand the case to the trial court.

633, 635 (Tex.App.—Houston [1st Dist.] 1993,      writ denied).