STEPHEN E. BETTS v. GILBERT AND DOMINGUES

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-196-CV

STEPHEN E. BETTS APPELLANT

V.

JOHN GILBERT, AS DIRECTOR APPELLEES

OF THE INSTITUTIONAL DIVISION

OF THE TEXAS DEPARTMENT OF

CORRECTIONS AND JOSEPH

DOMINGUES, AS WARDEN OF

THE DALHART UNIT OF THE

INSTITUTIONAL DIVISION OF

TEXAS DEPARTMENT OF

CORRECTIONS

------------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Stephen E. Betts appeals the trial court’s granting of summary judgment in favor of Appellees John Gilbert and Joseph Domingues. In two issues, Appellant contends that Appellees were not entitled to summary judgment as a matter of law and the trial court erred in granting summary judgment in Appellees’ favor.  We affirm.

BACKGROUND

Appellant is an inmate assigned to the Alfred Hughes Unit of the Texas Department of Criminal Justice (TDCJ).  During the relevant time period, Appellant was incarcerated in the Dalhart Unit of the TDCJ, Gilbert was regional director of the Institutional Division of the TDCJ, and Domingues was the senior warden at the Dalhart Unit.  Appellant filed suit, alleging deliberate indifference to his medical needs pursuant to 42 U.S.C. § 1983 and seeking damages and injunctive relief.  Appellant claimed that Appellees failed to treat his medical needs properly, failed to follow the treatment prescribed by the TDCJ medical staff, and failed to facilitate the ultimate treatment of his injuries, all in violation of his Eighth Amendment rights. 

Appellant alleged that he was injured during the first week of August, 2000, when lifting a container of ice, as required by his assignment in the prison cafeteria.  Appellant alleged that by Wednesday, two days following the incident, he was in severe pain, and he submitted a request to see the doctor. The next day, Appellant was sent to the infirmary by the kitchen sergeant, but the infirmary nurse instructed Appellant to remain in his cell until he was called out.  The medical records reflect that on August 10, 2000, Appellant was called out and the infirmary nurse ordered a three-day cell pass, instructing Appellant to use hot packs and to take Tylenol for pain.  The medical records also state that Appellant’s scheduled nurse appointment was cancelled due to a prison lock-down. 

Appellant alleged that when the prison went on lock-down status, he was ordered to carry more than sixty pounds of personal items over a distance of one hundred yards.  He stated that he was in severe pain and the only medication he received was Tylenol. 

On August 22, 2000, Dr. John Montgomery saw Appellant, and he diagnosed Appellant with an “acute herniation of disc or discs L4, L5, and L5S.”  Dr. Montgomery requested an orthopedic consultation as soon as possible and prescribed ibuprofen.  Appellant was transferred to another unit for x-rays the same day.  An MRI was completed on August 24, 2000, and a neurosurgery consultation was approved on September 1, 2000.  Doctors prescribed several medications for Appellant, restricted him to lifting a maximum of ten pounds, and provided him with an egg carton mattress. Appellant was also assigned to a lower bunk and a new cell on the first floor. On September 15, 2000, Appellant returned to the Dalhart Unit without his medication or x-ray films.  Medical personnel reordered the medications for Appellant.  The neurosurgery consultation was delayed by the missing x-rays. A neurosurgeon examined Appellant on April 9, 2001 and recommended scheduling a CT myelogram and a likely lumber fusion in Appellant’s back.  On May 1, 2001, physicians performed a lumbar myelogram on Appellant.  Appellant’s physician then ordered medication for Appellant in anticipation of surgery.  Physicians approved Appellant’s neurosurgery on June 7, 2001.

Appellees filed a motion for summary judgment, alleging that Appellant failed to state a claim under 42 U.S.C. § 1983 because they were not personally involved in his medical care and were not deliberately indifferent to his medical needs, Appellees could not be held liable for damages in their official capacities, Appellees were entitled to qualified immunity, and Appellant was not entitled to injunctive relief.  In response, Appellant claimed that Appellees knew or should have known of his condition and failed to facilitate the ultimate treatment of his injuries in violation of his Eighth Amendment rights.  The trial court granted summary judgment in favor of Appellees, and Appellant now appeals.

DISCUSSION

In his first issue, Appellant contends that, as a matter of law, Appellees were not entitled to summary judgment.  
In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
Sw. Elec. Power Co., 
73 S.W.3d at 215.

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.
  Valence Operating Co. v. Dorsett
, 164 S.W.3d 656, 661 (Tex. 2005).
  
Evidence that favors the movant’s position will not be considered unless it is uncontroverted.  
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant’s cause of action or defense as a matter of law.  
Clear Creek Basin
, 589 S.W.2d at 678.  A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim.
  IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason
,
 
143 S.W.3d 794, 798 (Tex. 2004).
  Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant.  
Centeq Realty, Inc. v. Siegler
, 899 S.W.2d 195, 197 (Tex. 1995).

When a trial court’s order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories presented to the trial court and preserved for appellate review are meritorious.  
Provident Life & Accident Ins. Co. v. Knott
, 128 S.W.3d 211, 216 (Tex. 2003); 
Star-Telegram, Inc. v. Doe
, 915 S.W.2d 471, 473 (Tex. 1995); 
Harwell,
 896 S.W.2d 170, 173 (Tex. 1995).

To sustain an action under section 1983, Appellant must show that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) this conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  
Parratt v. Taylor
, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981), 
overruled in part on other grounds
, 
Daniels v. Williams
, 474 U.S. 327, 331-32, 106 S. Ct. 662, 665 (1986).  A supervisor cannot be held liable under section 1983 on the basis of respondeat superior.  
Monell v. Dept. of Social Servs.
, 436 U.S. 658, 694 n.58, 98 S. Ct. 2018, 2037 n.58 (1978).  Rather, the misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor. 
 Southard v. Tex. Bd. of Criminal Justice
, 114 F.3d 539, 550 (5th Cir. 1997).  In order to be entitled to a permanent injunction, the requesting party must plead and prove the following:  (1) a wrongful act; (2) imminent harm; (3) irreparable injury; and (4) no adequate remedy at law. 
Jordan v. Landry's Seafood Rest., Inc
., 89 S.W.3d 737, 742 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (op. on reh’g). 

Appellant did not allege, and no evidence supports the conclusion, that Appellees were personally involved in his medical treatment or linked to the action or inaction of the subordinates in allegedly denying Appellant’s access to health care, timely transporting him to medical appointments, and allegedly requiring Appellant to carry sixty pounds of property while “knowing of his pain but failing to administer any care or assistance”; he merely contends that Appellees were the ultimate authority in the prison.  Therefore, we hold that the evidence does not raise a fact issue as to whether Appellees subjectively knew of the deliberate indifference to Appellant’s medical needs allegedly committed by the physicians who treated Appellant.  Because Appellees conclusively negated at least one essential element of Appellant’s section 1983 action, the trial court properly granted summary judgment on that claim.  Accordingly, we overrule Appellant’s first issue.

In his second issue, Appellant argues that the trial court erred in granting summary judgment in favor of Appellees and was procedurally barred under a recusal order.  However, Appellant’s briefing fails to mention this issue, and Appellant fails to cite any relevant authority to support this claim; therefore, we find this issue to be inadequately briefed.  
Tex. R. App. P.
 38.1(h); 
Tong v. State
, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 1053 (2001) (issue overruled as inadequately briefed for appeal because Appellant presented no authorities to support his position). 
 Thus, we overrule Appellant’s second issue.

CONCLUSION

Having overruled Appellant’s two issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED:  December 22, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.