Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB








Opinion issued October 25, 2007

 

 

 

 

 

 

 

 








 

 








 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 


 

 



NO. 01-05-01112-CV




 
 
 
 
 
 
 


 

 



JOHN KIM, AS RECEIVER FOR DALE MCPHERSON, D/B/A JAMAC
SERVICES, INC. (JUDGMENT DEBTOR TO SHARON BERRYMAN), Appellant

 

V.

 

FARMERS INSURANCE EXCHANGE, INC., Appellee

 

 

 



On Appeal from the 164th District Court

Harris County, Texas

Trial Court Cause No. 2004-42121

 

 



MEMORANDUM OPINION

          The trial court granted summary judgment for
appellee, Farmers Insurance Exchange, Inc. (“Farmers”), and ruled that
appellant, John Kim, as receiver for Dale McPherson d/b/a Jamac Services, Inc.
(Judgment Debtor to Sharon Berryman) (collectively “Kim”), take  nothing.  On
appeal, Kim complains that Farmers was not entitled to summary judgment (1)
based on a judicial estoppel affirmative defense that was not pled and was not
presented as a ground for relief, (2) because Farmers had a duty to defend
McPherson based on Berryman’s pleadings in the underlying suit alleging facts
that would support a claim covered by the policy, (3) because a question of
material fact exists as to Farmers’ duty to indemnify McPherson for the
Berryman judgment, (4) because a fact issue exists as to how Farmers was
prejudiced by McPherson’s failure to forward the lawsuit papers when it had
actual notice of the suit, and (5) because the judgment in the underlying suit
was rendered following a fully adversarial trial.  We affirm.

Background

          In late 1997, Sharon Berryman hired Dale McPherson d/b/a
Jamac Services, Inc. (collectively “McPherson”) as a general contractor for
improvements to her residence.  McPherson hired Wan Engineering, Inc. to design
foundation improvements for Berryman’s home.  Berryman ultimately sued
McPherson for negligence and violations of the Residential Construction
Liability Act[1] after the project suffered
“extensive problems” that “resulted in the heaving in the foundation.”       
McPherson was insured under a policy issued by Farmers, effective January 15,
1999.  Farmers, however, did not provide a legal defense for McPherson, and
Ramel Pillai filed a general denial on his behalf.[2] 
Berryman moved for summary judgment based on deemed admissions against
McPherson, which the trial court granted.  Berryman received $450,000 in actual
damages and $175,000 in attorney’s fees.   

          The trial court ordered the turnover of some of
McPherson’s assets to a receiver, Kim.  Among the assets turned over were
McPherson’s claims and causes of action against Farmers “in connection with the
handling or mishandling of the defense” and “in connection with the insurance
policies issued.”  In addition, McPherson turned over all claims or causes of
action against Farmers relating to:  (1) bad faith, (2) unfair insurance
practices, and (3) fraud, misrepresentation, and breach of any statutory duty
or the Texas Deceptive Trade Practices Act.

Kim sued Farmers.  The first amended
petition alleges that “McPherson failed to adhere to the requirements and
recommendations” provided by Wan Engineering and “was therefore negligent when he
performed the structural changes to the foundation.  Because the foundation is
deficient and defective, the entire house resting on this foundation also has
serious defects.”  The petition also asserts causes of action against Farmers
for violations of the Texas Insurance Code, breach of contract, bad faith,
negligence, and DTPA violations, and seeks declaratory relief relating to
Farmers’ duty to defend and duty to indemnify McPherson.  The petition further
alleges that Farmers acted with malice toward McPherson.  

          Farmers moved for summary judgment on traditional
and no-evidence grounds contending that:  (1) Berryman’s claim was outside the
Farmers’ insurance policy period;[3]
(2) McPherson did not provide proper notice of the claim; and (3) the summary judgment
against McPherson was not rendered following a fully adversarial trial. 
Farmers also asserted that there was no evidence that (1) Berryman’s claim was
a covered loss under the policy; (2) Berryman’s claim was within the policy
period; (3) McPherson provided proper notice of Berryman’s claim; or (4) the
summary judgment against McPherson was rendered following a fully adversarial
trial.  Without stating its reasons, the trial court granted Farmers’ motion
for summary judgment.

Summary Judgment Standard of Review

          We review the granting of summary judgment de novo.
 See Nelson v. Cheney, 193 S.W.3d 161, 165 (Tex. App.—Houston [1st
Dist.] 2006, no pet.).  In a traditional summary judgment, the issue on appeal
is whether the movant met the burden of establishing that no genuine issue of
material fact exists as to at least one element of the non-movant’s claim and
that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Cate v.
Dover Corp., 790 S.W.2d 559, 562 (Tex. 1990).  All doubts about the
existence of a genuine issue of a material fact are resolved against the
movant.  Cate, 790 S.W.2d at 562.  If the movant’s summary judgment
motion and proof facially establish its right to judgment as a matter of law,
the burden shifts to the non-movant to raise a material fact issue sufficient
to defeat summary judgment.  City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979).  Where, as in this case, the trial court does
not state the specific grounds upon which the summary judgment was granted, the
reviewing court must consider whether any theory set forth in the motion will
support summary judgment.  State Farm Fire & Cas. Co. v. S.S., 858
S.W.2d 374, 380 (Tex. 1993).  A summary judgment must be affirmed if any of the
theories advanced by the movant is meritorious.  Harwell v. State Farm Mut.
Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995).  

          When a defendant moves for summary judgment, it
must either (1) disprove at least one element of the plaintiff’s cause of action
or (2) plead and conclusively establish each essential element of its
affirmative defense, thereby defeating the plaintiff’s cause of action.  Cathey
v. Booth, 900 S.W.2d 339, 341 (Tex. 1995); Yazdchi v. Bank One, Tex.,
N.A., 177 S.W.3d 399, 404 (Tex. App.—Houston [1st Dist.] 2005, pet.
denied).  The court takes as true evidence favorable to the non-movant when
deciding whether there is a disputed, material fact issue precluding summary
judgment.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex.
1985); Yazdchi, 177 S.W.3d at 403–04.  Further, the court indulges every
reasonable inference in favor of the non-movant and resolve any doubts in its
favor.  Nixon, 690 S.W.2d at 549; Yazdchi, 177 S.W.3d at 404.  

To prevail on a no-evidence summary judgment motion, a
movant must allege that there is no evidence of an essential element of the
adverse party’s cause of action. Tex. R.
Civ. P. 166a(i); Fort Worth Osteopathic Hosp., Inc. v. Reese, 148
S.W.3d 94, 99 (Tex. 2004).  We review a no-evidence summary judgment under the
same legal sufficiency standard used to review a directed verdict.  Gen.
Mills Rests., Inc. v. Tex. Wings, Inc., 12 S.W.3d 827, 832–33 (Tex.
App.—Dallas 2000, no pet.).  Although the non-movant need not marshal its
proof, it must present evidence that raises a genuine issue of material fact on
each of the challenged elements.  Tex. R.
Civ. P. 166a(i); Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600
(Tex. 2004).  A no-evidence summary judgment motion may not properly be granted
if the non-movant brings forth more than a scintilla of evidence to raise a
genuine issue of material fact on the challenged elements.  Ridgway, 135
S.W.3d at 600.  More than a scintilla of evidence exists when the evidence
“rises to a level that would enable reasonable and fair-minded people to differ
in their conclusions.”  Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d
706, 711 (Tex. 1997).   

Harm from Failure to Forward

          In issue four, Kim contends that Farmers was not
entitled to summary judgment because a fact issue exists as to
how Farmers was prejudiced by McPherson’s failure to forward the lawsuit papers
when it had actual notice of the suit.

          In its amended motion for summary judgment, Farmers
argued that it was entitled to summary judgment because McPherson did not
provide proper notice of the claim as was required under the policy.  If
further contended that there was no evidence that McPherson provided proper
notice of Berryman’s claim.

          The policy provides that:

2.     Duties In The Event Of Occurrence, Offense,
Claim Or Suit

a.      
You must see to it that we are
notified as soon as practicable of an “occurrence” or an offense which may
result in a claim.  To the extent possible, notice should include:

 

(1)    
How, when and where the
“occurrence” or offense took place;

 

(2)    
The names and addresses of any
injured persons and witnesses; and 

 

(3)    
The nature and location of any
injury or damage arising out of the “occurrence” or offense.

 

b.     
If a claim is made or “suit” is
brought against any insured, you must:

 

(1)    
Immediately record the specifics
of the claim or “suit” and the date received; and

 

(2)     Notify us as soon as practicable.

You
must see to it that we receive written notice of the claim or “suit” as soon as
practicable.

 

c.      
You and any other
involved insured must:

(1)    
Immediately send us copies of any
demands, notices, summonses or legal papers received in connection with the
claim or “suit”; 

 

(2)     Authorize us to obtain records and
other information;

(3)    
Cooperate with us in the
investigation, or settlement of the claim or defense against the “suit”; and 

 

(4)    
Assist us, upon our request, in
the enforcement of any right against any person or organization that may be
liable to the insured because of injury or damage to which this insurance may
also apply.

 

It is undisputed that McPherson did not provide Farmers with
notice by sending Farmers copies of the legal papers filed in the suit.   Kim
contends, however, that Farmers was not prejudiced by the failure or, in the
alternative, it had actual notice of the claim, which would negate the
prejudice. 

Prejudice

          Kim argues that a fact issue existed as to how
Farmers was prejudiced by McPherson’s failure to forward the lawsuit papers.  The
policy contains the following endorsement stating that noncompliance will not
bar coverage unless Farmers is thereby prejudiced:

With
regard to “bodily injury” or “property damage” liability, unless we are
prejudiced by the failure to comply with the requirement, any provision of this
policy requiring you or any insured to give notice of occurrence, claim or
suit, or forward demands, notices, summonses or legal papers in connection with
a claim or suit, will not bar liability under this policy.

 

Even though there was no evidence that the condition precedent of
cooperation was satisfied, Farmers cannot escape liability unless it was
prejudiced by the lack of cooperation. See Harwell, 896 S.W.2d at 173-74 (explaining that,
even though condition precedent was not satisfied, insurer does not escape
liability unless it was prejudiced); see also Coastal Ref. & Mktg.,
Inc. v. U.S. Fid. and Guar. Co.,  218 S.W.3d 279, 289 (Tex. App.—Houston
[14th Dist.] 2007, no pet.) (coverage remains in force after insured’s breach
of a notice provision unless insurer
demonstrates that breach caused insurer actual
prejudice).  Prejudice may be established either as a
matter of fact or as a matter of law.  Compare Harwell, 896 S.W.2d at 174 (holding that prejudice existed as matter of law) with
Struna v.
Concord Ins. Servs., Inc., 11 S.W.3d 355, 360 (Tex. App.—Houston [1st
Dist.] 2000, no pet.) (holding that
summary judgment was improperly granted because summary judgment evidence
raised material fact issue as to prejudice).  

In Harwell, the supreme court held that “[t]he failure to notify an
insurer of a default judgment against its insured until
after the judgment has become final and nonappealable prejudices the insurer as a matter of law.”  Harwell, 896 S.W.2d at 174.  In
so holding, the supreme court reasoned that, had the insurer
“received notice, it could have undertaken [the insured]’s
defense and minimized its insured’s liability.”  Id.  Therefore, the court concluded, the insured’s failure to
notify the insurer of the suit prejudiced
it as a matter of law.  Id.
  

In its amended motion for summary
judgment, Farmers asserted that, because McPherson did not comply with the
notice requirement and subsequently “allowed a summary judgment to be entered
and become final and non-appealable in the Underlying Lawsuit,” it was
prejudiced.  We agree, based on the circumstances presented here, which
established that (1) requests for admissions were served, went unanswered, and
were deemed admitted; (2) no motion to withdraw the deemed admissions was filed;
(3) a motion for summary judgment was filed, based on the deemed admissions;
and (4) summary judgment was rendered against McPherson, who failed to respond
to the motion. 

Actual Notice[4]

          Relying on Struna and Crocker v. National Union
Fire Insurance Company of Pittsburg, PA, No. 466 F.3d 347 (5th Cir. 2006),
Kim contends that Farmers had actual notice of the lawsuit filed against
McPherson; therefore, any prejudice was negated.  Farmers argues, however, that
the cases are easily distinguished and there is no more than a scintilla of
evidence of actual notice.  We agree.

          In Struna, a driver, Teodora Struna, was
injured in a car accident with the insured.  Struna contacted the insured’s
provider, Concord Insurance Services, Inc., which paid her for her property
damage and reimbursed her rental car expenses.  Struna, 11 S.W.3d at
356.  Almost two years later, Struna sued the insured, and the trial court
entered a $250,000 default judgment in Struna’s favor.  Id.  The insured
did not report the accident to Concord.  Struna’s attorney, however, contacted Concord
on at least five occasions to (1) enclose a copy of the petition; (2) notify it
of the pending default judgment; (3) notify it of the entry of default judgment
and the upcoming damages hearing; (4) forward Struna’s medical records; and (5)
enclose a copy of the $250,000 default judgment.  Id. at 356-57.  There
was also reference to at least one telephone conference between Struna’s
attorney and Concord.  Id. at 357.  Finally, there was evidence that, on
four occasions, Concord attempted to contact its insured regarding the
underlying suit.  Id.  This Court held that, in light of the
uncontroverted evidence of actual notice, Concord failed to meet its burden to
show that it was prejudiced by its insured’s failure to notify it.  Id.
at 360.

          In Crocker, a resident who was injured by a
nursing home employee sued the nursing home’s owner and the employee.  The
nursing home owner participated in trial, and National Union, who had written
its liability policy, provided its defense.  The employee, who was also insured
by National Union, never answered the suit, and the trial court entered a
$1,000,000 default judgment against him.  The resident, Crocker, sued National
Union as judgment creditor and third-party beneficiary of a liability policy
written by National Union, which covered the nursing home’s corporate owner and
the employee.  Crocker claimed that National Union was liable for the $1,000,000
judgment because it failed to defend the nursing home employee in the
underlying suit.  National Union moved for summary judgment, alleging that it
was unaware that the employee had been served.  The trial court found that
National Union had actual notice that the employee had been served based on
evidence that (1) Crocker’s attorney had informed National Union that the
employee was served; (2) National Union knew that the employee had been served,
knew that it was required to defend him, and even provided that the counsel
designated to defend the nursing home’s corporate owner would represent the
employee, as well; and (3) unspecified “other evidence” submitted by Crocker.   

          In contrast to the plentiful evidence of actual
notice in Struna and Crocker, the evidence here consists of vague,
self-serving testimony that can neither be corroborated nor controverted.  Kim
contends that “McPherson repeatedly notified Farmers that Berryman was suing
him and gave Farmers the case number of the underlying suit.”  To support this
statement, Kim refers us to three areas of the record.  

First, Kim directs us to the pleading
responding to Farmers’ motion for summary judgment.  Pleadings do not
constitute summary judgment proof.  Clear
Creek Basin Authority, 589
S.W.2d at 678.  

Second, Kim directs us to McPherson’s
deposition testimony, responding to a question about the validity of the
statements that Pillai made in McPherson’s Original Answer in the Berryman
suit.  According to Kim, McPherson’s response consisted of statements that “Defendant
has contact [sic] Farmers Insurance Group on several occasions to answer this
suit.”; and that “Farmers Insurance Group has failed to reply to Defendant, nor
file an answer to Plaintiff’s Second Amended Petition.”  

Third, Kim refers to another portion
of McPherson’s deposition testimony where McPherson admitted that he was not
sure if he contacted John Cornett, his insurance agent, about the suit and
never met with Larry Weiser, the owner of the insurance agency, about the
suit.  He testified that he contacted the insurance agency by phone, but had no
records of the call, did not remember with whom he spoke, and he did not recall
what that person told him.  He also contacted Farmers at the 800 number, but did
not recall either what he told them or what they told him.  He testified that
he was not able to give Farmers any of the particulars about the suit.  McPherson
further testified that he did not remember if Farmers told him to call back
with the information and was not sure that he gave Farmers enough information
for them to figure out what was going on.  Finally, Kim points to deposition
testimony from McPherson’s attorney, Pillai, who, Kim claims, “notified Farmers
of the suit against McPherson, provided Farmers with the cause number and case
name of the lawsuit, and warned Farmers that the deadline for filing an answer
was approaching.”  Pillai’s testimony reveals that he and McPherson contacted
someone and informed them that “there was a lawsuit being filed against Dale
McPherson and that he had insurance at the time.”  Pillai further testified
that, at the time that telephone call was made, he was not representing
McPherson, so he did not document the call or note with whom he and McPherson
spoke.  He explained that they had two telephone numbers, and he thought they
may have left a message with one of the numbers, and he was not sure if he or McPherson
spoke with the other person, but he remembers that one of them gave the person
the cause number and the style of the case.  He acknowledged that the person on
the other end of the phone did not say whether McPherson had coverage or
whether Farmers would defend him.  It is unclear whether they contacted the
insurance agency from whom McPherson purchased the insurance or Farmers
directly.  

          The record, however, also contains unequivocal
testimony from Cornett, McPherson’s insurance agent, that, until he was sued in
this case,[5]
he had no knowledge of any claims made against McPherson or any request by
McPherson that Farmers be notified.  Cornett procured the CGL policy through
Weiser Insurance Agency, and the front of the policy bore the agency’s name,
address, and telephone number.  Larry Weiser testified that he was unaware of
any claims being made by McPherson or someone on his behalf.  McPherson never
notified Weiser that he had been sued in a lawsuit.  Weiser also testified
that, had he been notified, it would have been his responsibility to notify
Farmers of the claim.  

It is undisputed that McPherson did
not comply with the notice provisions of his policy.  We hold that Farmers has
shown that it was prejudiced by McPherson’s failure to notify it.  We further
hold that there is no more than a scintilla of evidence that Farmers had actual
notice of Berryman’s claim.  Accordingly, we overrule issue four.

Because the grounds analyzed under
this issue were sufficient to sustain the trial court’s rendition of summary
judgment, we need not consider the other bases for reversal asserted in this
appeal.  

Conclusion

           We affirm the trial court’s judgment.

                                                                                                                   

                                                          George
C. Hanks, Jr.

                                                          Justice

 

Panel consists of Justices Taft, Hanks, and Higley.  

 

 









[1]Tex. Civ. Prac. & Rem.
Code § 27.001 (Vernon 1997).

 





[2]
Pillai testified that McPherson never hired him,
and that he inadvertently left his name on the bottom of the form general
denial.  He had intended for McPherson to file the answer pro se.





[3]
McPherson was insured under a policy issued by
Farmers, effective January 15, 1999.

 





[4]
Kim asserts that, in its motion for summary
judgment, Farmers conceded that it had actual notice of Berryman’s lawsuit. 
The statement was made to describe potential arguments that Kim may assert and
was not a concession by Farmers.

  





[5]  
Cornett and the Weiser Insurance Agency were
defendants in the present case.  They are not, however, parties to the appeal.